REINFORCING IRON WORKERS LOCAL UNION 426, International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO,

v.

BECHTEL POWER CORPORATION.

Civ. No. 77–72093.

United States District Court, E. D. Michigan, S. D.

Dec. 29, 1978.

Barbara B. Armstrong, Klein, Bloom & Gale, Southfield, Mich., for plaintiff.

Peter J. Kok, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for defendant.

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CORNELIA G. KENNEDY, Chief Judge.

Plaintiff union filed this action against Bechtel Power Corporation alleging that it

had failed to arbitrate a grievance, in violation of the collective bargaining agreement. That grievance charged that the defendant had failed to make payments into an industry steward fund. On August 16, 1978, this Court granted summary judgment in favor of the defendant on the grounds that the union had acquiesced in the corporation's position by its failure to make a timely request for arbitration and also by express statements of the General Secretary of the International that he concurred in the company's position. On November 9, 1978, the parties stipulated that the defendant waived its defense arising out of timeliness. The defendant in that stipulation expressly did not waive its defense that the grievance had been settled by the Secretary's concurrence. On December 4, 1978, the Court granted the plaintiff's motion for relief from judgment on the grounds that the defense of untimeliness had been waived.

The action is now before the Court with each party having moved for summary judgment in its favor. The defendant corporation makes essentially two arguments in support of its motion. The defendant contends that the International's General Secretary, Juel D. Drake, had authority to settle the grievance and did in fact settle it. The defendant further contends that any requirement that it make payments to the industry steward fund would be in violation of law, specifically 29 U.S.C. § 186. The plaintiff, on the other hand, states that the collective bargaining agreement expressly provides that only the International President has the power to settle a grievance. It also urges that the industry steward fund, created in this collective bargaining agreement, complies with the law and that Bechtel is therefore required to make payments into the fund. The plaintiff further states that the Court does not have jurisdiction to hear the merits of this case but should refer the dispute to arbitration.

▮ This Court has jurisdiction to consider cases brought pursuant to 29 U.S.C. § 186 "for cause shown . . . to restrain violations of this section." 29 U.S.C. § 186(e); *Arroyo v. United States*, 359 U.S. 419, 426–27, 79 S.Ct. 864, 3 L.Ed.2d 915 (1959); *Local Union No. 5 of Sheet Metal Workers International Assn. v. Trumbull County Building Trades Welfare Fund*, 541 F.2d 636, 638 (6th Cir. 1976); *Haley v. Palatnik*, 509 F.2d 1038, 1040 (2d Cir. 1975). In § 186 Congress provided, in part:

(a) It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, advisor, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

(1) to any representative of any of his employees who are employed in an industry affecting commerce; or

(2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce . . . . ..

That section further provides that prohibitions of the section are not applicable under certain specific circumstances. They do not forbid payments to employees who have as established duties the representation of the employer in labor relations or personnel administration. They also do not apply to any representative of employees who is also an employee or former employee, when the payments are made as compensation for present or past service in that capacity. 29 U.S.C. § 186(c)(1), (2). That section also provides that trust funds which are established according to certain procedures and for certain purposes are not illegal. 29 U.S.C. § 186(c)(5)–(8).

The Reinforcing Iron Workers Industry Steward Fund is a trust fund established by an agreement and declaration of trust entered into by the Resteel Contractors Association, the Associated General Contractors of America, Detroit Chapter, Incorporated, and the Associated General Contractors of America, Michigan Chapter, Incorporated. It does not appear that defendant is a member of any of these associations. The fund

was established pursuant to the "1972–1974 Labor Agreement," which found that it was necessary to have a stewardship system in the reinforcing iron industry in order to ensure compliance with the terms of the collective bargaining agreement. The fund is administered by trustees who are appointed by the three employer associations. The trust agreement states that it is necessary in that industry to have a steward who is not employed by any member of the associations, since such an employee would be unable to supervise working conditions adequately. Evidently the nature of the industry requires that workers be employed at scattered worksites for relatively short periods of time. The establishment of an industry steward system was an attempt to provide effective supervision of contract compliance under such circumstances.

At least one court has held that in the case of a trust fund, there need not be as strict compliance with the requirements of § 186, unless employer contributions would be in violation of § 186(a). *Independent Association of Mutuel Employees v. New York Racing Assn.*, 398 F.2d 587 (2d Cir. 1968). (In the case of an employer established welfare trust fund.) However, other courts considering this question, including the United States Court of Appeals for the Sixth Circuit, have first focused on the important problems Congress attempted to reach through the prohibitions in § 186.

> Because of the abuses that have occurred in the cauldron of labor-management interplay which include misuse of labor organization funds, extortion by labor personnel, and attempts by business personnel to influence or exert pressure on union "personnel"—particularly in financial form, restrictions on conduct between these two bodies and certain of their representatives have been imposed by Congress.

*Costello v. Lipsitz*, 547 F.2d 1267, 1272 (5th Cir.), *cert. denied*, 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977); *Walsh v. Schlecht*, 429 U.S. 401, 410–11, 99 S.Ct. 679, 50 L.Ed.2d 641 (1977); *Local Union No. 5 of Sheet Metal Workers International Assn. v. Mahoning & Trumbull Bldg. Trades Welfare Fund*, 541 F.2d 636, 639 (6th Cir. 1976); [1959] U.S.Code Cong. & Admin.News, p. 2318. It is generally held that the gravity of these problems mandates strict and literal compliance with all requirements of § 186. *See, e. g., Arroyo v. United States*, 359 U.S. 419, 424–25, 79 S.Ct. 864, 3 L.Ed.2d 915 (1959); *Costello v. Lipsitz*, 547 F.2d 1267, 1273 (5th Cir.), *cert. denied*, 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977). This Court is of the opinion that in order to uphold the validity of the industry steward fund, it must be found to be in strict compliance with the requirements set forth in 29 U.S.C. § 186.

■ A potential for violating § 186 exists in that the industry steward fund involves the payment of money by employers. It is therefore necessary to determine whether that money is paid to a representative of that employer's employees, who is not also an employee, or to an officer or employee of a labor organization which represents those employees, both prohibited by § 186. The National Labor Relations Act includes in its definition of an employer "any person acting as an agent of an employer, directly or indirectly, but shall not include . . . anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 152(2). That definition is broad enough to include a multi-employer group as an employer. Thus it would not of itself prohibit employment of an industry steward merely because the employer was a multi-employer group. *See N.L.R.B. v. Mountain Pacific Chapter of Associated General Contractors, Inc.*, 270 F.2d 425, 428 (9th Cir. 1959). It may be argued that in the present case the trustees who administer the fund and are given supervisory powers, which are to some extent similar to an employer's, can be considered agents of the individual employers and that the industry steward is in that sense employed by an employer within the meaning of the act.

■ However, the position of industry steward is more correctly characterized as either that of an agent of a labor organization or as a representative of an employer's

employees, either of which violates the terms of § 186. First the terms of the trust agreement state that the industry steward is not to be an employee of any member company. Of course, the term employee may be used there in a different sense than in the NLRA. It has been held that the definitions of both employee and employer as used in the NLRA are not the same as the definitions which existed at common law. *N.L.R.B. v. E. C. Atkins & Co.*, 331 U.S. 398, 413–14, 67 S.Ct. 1265, 91 L.Ed. 1563 (1974); *see generally Allied Chemical & Alkali Workers v. Pittsburgh Plate Glass Co.*, 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); *N.L.R.B. v. Hearst Publications, Inc.*, 322 U.S. 111, 129, 64 S.Ct. 851, 88 L.Ed. 1170 (1944). An employment relationship may be found to exist when the company has a great deal of freedom to negotiate concerning that person's terms and conditions of employment, *see N.L.R.B. v. Pope Maintenance Corp.*, 573 F.2d 898, 902 (5th Cir. 1978), or, in other words, an employee works for wages or a salary under an employer's direct supervision, *see United States v. Capanegro*, 576 F.2d 973, 981–82 (2d Cir. 1978) (Friendly, J., dissenting), *cert. den.*, —— U.S. ——, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978).

In the present case, the position of industry steward does exist as a result of a collective bargaining agreement. The trust fund is in fact administered by agents of the three employer associations. However, a closer examination discloses that the steward is actually employed as an agent of a labor organization. *Cf. N.L.R.B. v. United Brotherhood of Carpenters and Joiners*, 531 F.2d 424, 427 (9th Cir. 1976). There is no question that the steward acts at the direction of the union to further the goals of the union. The job description of the industry steward is set forth in a document entitled *Working Conditions for Ironworkers Industry Steward.* That document provides that it is the steward's duty to represent the employees by overseeing employer contract compliance with the collective bargaining agreement. The steward is to receive daily work assignments from the business manager of Local number 426 and

is required to report daily to the business manager. Compared with this close control by the union is the provision that reports are to be made to the fund's trustees on an irregular basis. In other words, the employers do not set the terms and conditions of employment in any real sense, nor do they exercise direct supervision.

Of even more importance in determining for whom the steward actually works is the provision that it is the function of the steward to handle complaints "as they relate to all employers' compliance with the Resteel labor agreement." It may be that the employers benefit by the steward's functions; however, it is unquestionably the union which is most aided by the steward's oversight. *See United States v. Kaye*, 556 F.2d 855, 862, 864–65 (7th Cir.), *cert. denied*, 434 U.S. 921, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). Perhaps the best empirical evidence that the steward acts for the union and not for the employers through the trust fund is the fact that it was the union which brought this action to enforce payment by the employer. The union brought this action despite a provision of the trust agreement stating: "The Trustees shall have the right to compel and enforce the payment of contributions in any manner which they deem proper, including the use of the industry steward or commencement of legal actions." (Trust Fund Agreement, Art. IV, § 4). That agreement also states: "The Trustees shall have the power to demand, collect, receive and hold all contributions and may take such necessary steps, including prosecution of or intervention in any suits or proceedings of any kind, as may be necessary or desirable for that purpose." (*Id.*, Art. VII, § 4).

The plaintiff nonetheless believes that this arrangement may be saved because it does adequately comply with the requirements of § 186. The plaintiff states that there is a special need in the industry for a stewardship of this sort and cites *Bey v. Muldoon*, 223 F.Supp. 489 (E.D.Pa.1963), *aff'd.*, 354 F.2d 1005 (3d Cir.), *cert. denied*, 384 U.S. 987, 86 S.Ct. 1888, 16 L.Ed.2d 1004 (1966), in support of this proposition. How-

ever, the facts of that case do not compel the conclusion here that the stewardship should be found legal. There are alternate means to finance such a position. It does not appear that there is any reason the stewardship, if important to ensure contract compliance, could not be paid for from union funds, thus guaranteeing no conflict of interest as well as compliance with the intent of Congress. Although created by means of a trust, the industry steward trust fund was not established to achieve any of the purposes set forth in § 186(c)(5)–(8), nor does it fall into any of the other exceptions set forth in § 186(c). The position as it exists clearly violates the terms of § 186(a).

For the reasons stated in the Court's opinion, the defendant's motion for summary judgment is GRANTED. The plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.