JOINT COUNCIL OF TEAMSTERS NO. 42, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Plaintiffs,

v.

ASSOCIATED GENERAL CONTRACTORS OF CALIFORNIA, INC., et al., Defendants.

No. CV 79–3325 MRP.

United States District Court, C. D. California.

Oct. 22, 1980.

George A. Pappy, Pappy, Kaplon & Vogel, Los Angeles, Cal., for plaintiffs.

John H. Stephens, Cox, Castle & Nicholson, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER

PFAELZER, District Judge.

The parties' Cross-Motions for Judgment on the Pleadings came on for hearing on December 3, 1979. Having heard oral argument, considered the papers submitted, and taken the matter under submission, the Court determines that defendants' Motion for Judgment on the Pleadings should be granted and plaintiffs' Motion denied.

The Court has jurisdiction over this suit for declaratory judgment under 29 U.S.C. §§ 185(a), 186(e) and 28 U.S.C. § 2201. The plaintiffs seek a determination that owner-operators of trucking equipment used in the building and construction industry are employees under § 302 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186, and that § 302 therefore does not preclude employers who employ the owner-operators from making contributions to plaintiffs' trust fund for their benefit.

The Joint Council of Teamsters No. 42, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and General Teamsters and Food Processing Local No. 87, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter referred to as "the Unions") are the plaintiffs in this case. Defendants are the Associated General Contractors of California, Inc. ("AGC"), the Building Industry Association of California, Inc. ("BIA"), the Engineering Contractors Asso-

ciation, Inc. ("ECA") and the Southern California Contractors Association, Inc. ("SCCA") (hereinafter all defendants referred to as "the Employers").

The AGC, BIA, ECA, and SCCA are voluntary associations of employers in the building and construction industry in Southern California. These associations represent their members in negotiating and administering collective bargaining agreements with the Unions, which in turn represent employees and others in Southern California in the building and construction industry.

Defendants have entered into a Master Labor Agreement ("MLA," effective 1977–80) with the Unions, including within the definition of "employees" not only driver-employees, who operate dump trucks and other construction vehicles owned by defendants, but also owner-operators, who own individual construction vehicles used to perform hauling services for the Employers. In compliance with the MLA, the Employers have been making contributions on behalf of the employees and the covered owner-operators to a trust fund. The trust fund, established pursuant to § 302(c)(5), 29 U.S.C. § 186(c)(5), is intended to provide benefits such as hospital care, dental and medical insurance, vacation benefits and training programs to the Employers' employees and their families.

The legality of the Employers' contributions made on behalf of the owner-operators covered by the MLA is the fundamental issue in the present litigation. The Employers have taken the position that the owner-operators were not properly classified as employees under § 302 of the LMRA and that, consequently, contributions legally cannot be made to the trust fund. The Employer associations therefore have announced their intention of advising their members to cease making contributions on behalf of owner-operators. The Unions have contended that the owner-operators were properly classified as employees and thus contributions on their behalf were required under the MLA. The resolution of the dispute turns on whether the definition of employee in § 2(3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(3), applies to the LMRA.

In *Associated General Contractors v. NLRB*, 564 F.2d 271 (9th Cir. 1977), the major parties herein litigated the issue of whether owner-operators were employees under § 2(3) of the NLRA. In that case, the Ninth Circuit determined that owner-operators are independent contractors and are therefore expressly excluded as employees under the NLRA. Thus, if the definition of "employee" under § 2(3) of the NLRA, as clarified by *Associated General*, is equally applicable in the context of the LMRA, the owner-operators are not employees under § 302 of the LMRA. Based on this analysis, contributions to plaintiffs' trust funds by defendant Employers on behalf of owner-operators would be illegal under § 302.

The Court concludes that the statutory language mandates this result. Section 501(3) of the LMRA, 29 U.S.C. § 142, provides that, when used in that Act, the term "employee" shall have the same meaning as when used in the NLRA. Whatever the desirability of extending these benefits to the owner-operators may be, it is clear that § 501(3) construed in light of *Associated General, supra*, requires this Court to hold that owner-operators are not employees under § 302 of the LMRA. Thus, owner-operators are precluded from being beneficiaries of the employer-financed trust fund, and contributions on their behalf to plaintiffs' trust funds are illegal.

The cases cited by plaintiff, *Blassie v. Kroger Co.*, 345 F.2d 58 (8th Cir. 1965), and *Reiherzer v. Shannon*, 581 F.2d 1266, 1276 (7th Cir. 1978), do not preclude the application of the same definition of "employee" in both the NLRA and the LMRA. As the Supreme Court has indicated in *Allied Chemical & Alkali Workers of America Local 1 v. Pittsburgh Plate Glass Co., Chemical Div.*, 404 U.S. 157, 169–70, 92 S.Ct. 383, 392–93, 30 L.Ed.2d 341 (1971), the *Blassie* opinion, in its treatment of retired employees, does not define "employee" under § 302 of the LMRA differently from the

way in which the term is defined under § 2(3) of the NLRA. The apparent increase in scope of the "employee" classification resulted from the *Blassie* court's determination of employee status as of the time of the employer's payments to the trust fund, rather than as of the time of the trust's payment of benefits to the employee. The focus on the timing of the payments to the employees did not effect any modification of the definition of the term "employee." The categories of workers subsumed by the term "employee" remain unchanged.

The Court having concluded that owner-operators are not employees within the meaning of § 302 of the LMRA and that contributions by Employers to plaintiffs' trust fund on their behalf are illegal,

IT IS HEREBY ORDERED that defendants' Motion for Judgment on the Pleadings is granted and plaintiffs' Motion for Judgment on the Pleadings is denied. Further,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered in defendants' favor.