634 F.2d 258
 106 L.R.R.M. (BNA) 2385, 90 Lab.Cas. P 12,546
 REINFORCING IRON WORKERS LOCAL UNION 426, INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL
IRON WORKERS, AFL-CIO, Plaintiff-Appellant,
v.
BECHTEL POWER CORPORATION, Defendant-Appellee.
 No. 79-1124.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 20, 1980.
Decided Jan. 29, 1981.
 
 Barbara B. Armstrong, Klein & Bloom, David Y. Klein, Northville, Mich., for plaintiff-appellant.
 Peter J. Kok, Craig A. Mutch, Miller, Johnson, Snell & Commisky, Grand Rapids, Mich., for defendant-appellee.
 Before BOYCE F. MARTIN, Jr., and JONES, Circuit Judges, and REED, District Judge.**
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 This is an appeal of an order granting Bechtel Power Corporation's motion for summary judgment. The United States District Court for the Eastern District of Michigan held that payments by an employer to an industry steward fund violated § 302(a) of the Labor Management Relations Act, 29 U.S.C. § 186(a). Reinforcing Iron Workers v. Bechtel Power Corporation, 463 F.Supp. 643 (E.D.Mich.1978). For the reasons set forth below, we affirm the judgment of the District Court.
 
 
 2
 Reinforcing Iron Workers Local 426 is the collective bargaining agent for reinforcing iron workers in the eastern half of Michigan. It is party to a collective bargaining agreement (the "Local Agreement") with the Associated General Contractors of America, Detroit Chapter, Inc.; Michigan Chapter, Associated General Contractors; and Resteel Contractors Association. The agreement prescribes the terms and conditions of employment for reinforcing iron workers represented by the Union. It also provides for the establishment of the Reinforcing Iron Workers Industry Steward Fund, a trust fund to which employers must contribute at a specified rate. The fund's purpose is to pay the salary and expenses of a steward charged with investigating the employers' compliance with the Local Agreement. The fund is administered by trustees appointed by the three employer associations.
 
 
 3
 The Union and Bechtel are parties to an agreement (the "Project Agreement") which sets out the terms and conditions of employment for certain workers employed at the new power generating units of the Consumer Power Company and the Detroit Edison Company. The Project Agreement stipulates that the terms of the Local Agreement apply when there is no conflict with the Project Agreement.
 
 
 4
 Bechtel refused to make the steward fund contributions required by the Local Agreement; in so doing, it took the position that such contributions would be illegal under the Labor Management Relations Act. In response, the Union filed a grievance in accordance with the procedure set out in the Project Agreement. The first three steps of the grievance procedure failed to yield a resolution of the dispute. The matter was then referred, pursuant to step four, to the President of the International Association of Bridge, Structural and Ornamental Iron Workers.
 
 
 5
 By letter of May 18, 1977, Mr. Juel Drake, General Secretary of the International Union, informed Mr. W. G. Bell, Bechtel's representative, of his concurrence in the belief that contributions to the steward fund would be unlawful. On June 16, in the course of subsequent correspondence, Mr. Drake wrote that he assumed the grievance had been "resolved."
 
 
 6
 On August 5, 1977, however, the President of the International Union authorized the Local Union to proceed to arbitration of the grievance. Several weeks later, the Union filed this action to compel Bechtel to arbitrate, pursuant to step five of the Project Agreement's grievance procedure.
 
 
 7
 In its answer, Bechtel contended: 1) that the Union's grievance was untimely filed; 2) that the grievance had been adjusted and settled; and 3) that the Local Agreement's provision for the industry steward fund is void because it violates § 302(a) of the Labor Management Relations Act. The third argument was offered both as an affirmative defense and as a counterclaim for declaratory relief.
 
 
 8
 The parties filed cross-motions for summary judgment, and on August 16, 1977, the District Court ruled in Bechtel's favor "on the ground that the Union acquiesced in the corporation's position by its failure to timely request arbitration as well as the express statement by the General Secretary of the International that the Union concurred in the company's position."
 
 
 9
 On September 6, 1978, the Union filed a Rule 60(b) motion to vacate and set aside the District Court's order. In support of its position, the Union alleged that Bechtel had agreed to waive its defense of untimeliness. By stipulation of November 14, 1978, the parties agreed that Bechtel had indeed waived the timeliness issue but had reserved its defense that the grievance had already been settled. On December 4, 1978, the District Court granted the Union's motion for relief from judgment.
 
 
 10
 Both parties again moved for summary judgment and the District Court again granted Bechtel's motion, this time holding that the steward fund "clearly violates the terms of (29 U.S.C.) § 186(a)." 463 F.Supp. at 647.
 
 
 11
 At oral argument there was a question as to whether the case was properly before this Court. The District Court's order granting Bechtel's initial motion for summary judgment appears, at first reading, to rest on grounds both of untimeliness and prior settlement of the grievance. Inasmuch as Bechtel waived only the untimeliness issue, expressly reserving the other, it is arguable that the Union's Rule 60(b) motion should not have been granted.
 
 
 12
 Upon closer scrutiny, however, we are persuaded that the original summary judgment order was based solely upon Bechtel's defense of untimeliness. The District Court's order granting the Union's Rule 60(b) motion refers to "the remaining issues in the case" (emphasis added), and the opinion which accompanied the second summary judgment clearly treats the settlement issue as one which had not been decided. This appeal is, therefore, properly before us.
 
 
 13
 Section 302 of the Labor Management Relations Act, 19 U.S.C. § 186, provides in part:
 
 
 14
 (a) It shall be unlawful for any employer or association of employers or any person who acts as a labor relations expert, advisor, or consultant to an employer or who acts in the interest of an employer to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value
 
 
 15
 (1) to any representative of any of his employees who are employed in an industry affecting commerce; or
 
 
 16
 (2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce ....
 
 
 17
 The same section, however, creates certain exceptions to its general prohibitions. Among these exceptions are: 1) payments by an employer to any of his employees whose established duties include acting for the employer in matters of labor relations; and 2) payments by an employer to any representative of his employees who is also an employee or former employee, provided these payments are made by reason of his services as an employee. 29 U.S.C. § 186(c)(1), (2).
 
 
 18
 The Union contends that the industry steward is an employee of the employers which are party to the Local Agreement through their agent, the industry steward fund, and an employee of Bechtel by virtue of the Project Agreement, which incorporates by reference the applicable provisions of the Local Agreement. In support of this argument, the Union points to the trustees' supervisory powers, exercised on behalf of the multi-employer group, over the industry steward's activities. It further argues that the payments to the steward represent compensation for his services as an employee of Bechtel and are, therefore, within the § 302(c) exception. We disagree.
 
 
 19
 We believe the District Court correctly characterized the steward's position "as either that of an agent of a labor organization or as a representative of an employer's employees, either of which violates the terms of (§ 302)." 463 F.Supp. at 645-46. The steward receives daily work assignments from and makes daily reports to the business manager of Local 426. It is the Union, not the employers, which exercises real control over the steward. Id. at 646. His function is to oversee the employers' compliance with the terms of the Local Agreement. As the District Court observed, "it may be that the employers benefit from the steward's functions; however, it is unquestionably the union which is most aided by the steward's oversight. See United States v. Kaye, 556 F.2d 855, 862, 864-5 (7th Cir.), cert. denied, 434 U.S. 921, 98 S.Ct. 395, 54 L.Ed.2d 27 (1977)." Id.
 
 
 20
 Section 302 was enacted to deal with problems peculiar to labor-management relations; the Supreme Court has held that "a literal construction of the statute does no violence to common sense." Arroyo v. United States, 359 U.S. 419, 424, 79 S.Ct. 864, 3 L.Ed.2d 915 (1959). See also Costello v. Lipsitz, 547 F.2d 1267, 1272 (5th Cir.), cert. denied, 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977). Because the industry steward cannot be characterized as an employee of Bechtel, any contributions by Bechtel to the industry steward fund would violate the terms of § 302(a).
 
 
 21
 The judgment of the District Court is affirmed.
 
 
 
 **
 Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation