**Frank L. TODD, et al., etc.,**
**Plaintiffs-Appellants/Cross-Appellees,**

v.

**BENAL CONCRETE CONSTRUCTION CO., INC.,**
**Defendant-Appellee/Cross-Appellant.**

Nos. 82–5008, 82–5064.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1983.

Decided July 14, 1983.

Lann G. McIntyre, Hillyer & Irwin, San Diego, Cal., for Benal Concrete Const. Co., Inc.

582

Wayne Jett, Jett, Clifford & Lacquer, Los Angeles, Cal., for Frank L. Todd et al.

Before SKOPIL, SCHROEDER, and FARRIS, Circuit Judges.

SCHROEDER, Circuit Judge.

This is an action by trustees of four employee fringe benefit trust funds to recover contributions from Benal Concrete Construction Company for work performed by trenchers on Benal jobs. The district court granted summary judgment for Benal, holding that the trenchers were independent contractors and that section 302 of the Labor Management Relations Act (LMRA) prohibits payments to trust funds on behalf of such individuals.[1] We affirm. We also affirm the district court's denial of costs and attorneys' fees to Benal which Benal challenges on cross-appeal.

The facts are all as stipulated in the district court proceeding. Benal is a party to a collective bargaining agreement with the International Union of Operating Engineers Local No. 12. That agreement incorporates by reference the terms of the industry-wide San Diego Master Labor Agreement (MLA). The MLA requires signatory employers to use workers referred by Local 12 and to make fringe benefit contributions to the trusts for all covered work they perform. However, the agreement also contemplates that employers may need to hire independent subcontractors and owner-operators to perform covered work, and it includes specific provisions which pertain to such situations.

The dispute between the parties in this case centers around a clause in the MLA relating to "owner-operators," who are described as persons who own and operate their own equipment.[2] They are not referred by the union hall. The parties agree that Benal engages such owner-operators to perform trenching work, but exercises little, if any, control over the details of that work; the owner-operators are not supervised or directed by Benal. Benal merely gives the owner-operators construction plans and pays them based on the number of feet trenched.

The MLA clause regarding owner-operators provides that after reporting to the jobsite, an owner-operator "shall become a bona fide employee of the Contractor." The Contractor thereby would be required under the MLA to make contributions to the trusts on behalf of the owner-operator based on the hours of work he performed. Here, it is uncontroverted that Benal did not put the independent operators on its payroll or make the required contributions to the trusts. Benal therefore indisputedly breached the terms of the MLA owner-operator clause.

The trusts' position is that Benal is responsible for damages occasioned by its breach—the amount of payments which would have been paid to the trusts for the hours worked by the owner-operators. Benal's response is that its basic relationship to the trenchers is that of contractor/independent contractor and that since contributions "on behalf of" independent contractors are illegal under section 302, it cannot be required to make such payments to the trusts. The district court agreed with Benal.

We review the district court's judgment to determine whether, given the stipulated facts, Benal was entitled to prevail as a matter of law. *Sapper v. Lenco Blade, Inc.,* 704 F.2d 1069, 1071 (9th Cir.1983). Federal law governs parties' rights in actions such as this under section 301 of the LMRA.

1. Section 302(a)(1) of the LMRA prohibits payments by employers to "any representative of any of his employees ...." 29 U.S.C. § 186(a)(1). Sections 302(c)(5) and (6), however, make exceptions for certain employer payments to trust funds created by representatives "for the sole and exclusive benefit of the employees of such employer ...." 29 U.S.C. § 186(c)(5), (6) (emphasis supplied).

2. The MLA provides: "An owner-operator is a person who has legal or equitable title to his equipment and operates the equipment himself on work covered by this Agreement."

*Textile Workers Union of America v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

In *Walsh v. Schlecht,* 429 U.S. 401, 97 S.Ct. 679, 50 L.Ed.2d 641 (1977), the Supreme Court analyzed the requirement that trust contributions under section 302(c)(5) must be "for the sole and exclusive benefit of *employees.*" 29 U.S.C. § 186(c)(5) (emphasis supplied). The Court concluded that this phrase only permits contributions "on behalf of" or "for the benefit of" a contractor's *own* employees. Nevertheless the Court recognized the importance of subcontractor clauses designed to prevent subcontracting of covered work to non-signatory contractors in the construction industry. It therefore held that contributions may reflect work performed by employees of such independent subcontractors, but only if the amounts are "measured by" the number of hours worked. 429 U.S. at 407, 97 S.Ct. at 684. Utilizing this test, we recently approved a clause which required a contractor to make contributions measured by the hours worked by his subcontractors and their employees. *Brogan v. Swanson,* 682 F.2d 807, 809 (9th Cir.1982). *See also Burke v. French Equipment Rental, Inc.,* 687 F.2d 307, 311–12 (9th Cir.1982) (contractor's obligation to pay into trust can be measured by hours worked by subcontractors).

The owner-operator clause in this case, however, is not like the subcontractor clause at issue in *Brogan.*[3] This clause does not require payments "measured by" hours worked by employees of other employers. It requires Benal to make the independent operator an "employee," so that payments are made on his behalf within the meaning of section 302 as discussed in *Walsh v.*

*Schlecht.* We had occasion to interpret a markedly similar master labor agreement provision in *Waggoner v. Northwest Excavating, Inc.,* 642 F.2d 333 (9th Cir.1981), *vacated and remanded on other grounds* 455 U.S. 931, 102 S.Ct. 1417, 71 L.Ed.2d 640 (1982), *reaff'd,* 685 F.2d 1224 (9th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 737, 74 L.Ed.2d 959 (1983) (*Waggoner*). We observed that section 302 prohibits trust payments on behalf of owner-operators who are, in reality, independent contractors under the common law agency test.[4] 642 F.2d at 336–37. We did not, however, consider what effect, if any, compliance with the contract provision requiring an employer to treat an independent contractor as an employee would have, because we affirmed the district court's finding that the defendant in that case, Northwest, was a broker, not a contractor, and that the provision of the MLA therefore did not apply to it. 642 F.2d at 337. The question is now directly before us; neither party disputes the fact that Benal is a contractor obligated under the MLA to treat an owner-operator as a "bona fide employee."

We decided a similar issue in *Joint Council of Teamsters Local 42 v. Associated General Contractors,* 520 F.Supp. 3 (C.D.Cal. 1980), *aff'd* 662 F.2d 531 (9th Cir.1981) (per curiam) (*Associated General Contractors*). The district court, in an opinion which this court approved, analyzed a provision in a master labor agreement which included "owner-operators" in the definition of "employees." That provision was designed to achieve the same result as the contractual provision at issue in this case—to require employers to make trust fund contributions

**3.** We note that the MLA at issue does contain such a subcontractor provision in a separate section, and that one entity at issue in this case, a partnership, may, under one interpretation of the MLA, be considered a subcontractor rather than an owner-operator. If this interpretation were to be accepted, a different result might be required with respect to this entity. We forego any such analysis, however, because appellants did not present this argument to the district court. *See Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

**4.** The common-law agency test is the accepted means of distinguishing employees from independent contractors. *NLRB v. United Insurance Co.,* 390 U.S. 254, 256, 88 S.Ct. 988, 989, 19 L.Ed.2d 1083 (1968). In applying this test, this court considers the factors set forth in the *Restatement (Second) of Agency* § 220(2). *See Teamsters Local 162 v. Mitchell Bros.,* 682 F.2d 763, 766 (9th Cir.1982); *Waggoner, supra,* 642 F.2d at 336.

on behalf of work performed by independent owner-operators. We there held that the existence of such a clause did not, in and of itself, transform the employer/independent contractor relationship into one of employer/employee for purposes of section 302 and compliance with the principle established in *Walsh v. Schlecht.* Thus, contributions to the trust fund "on behalf of" owner-operators could not be required under the contract in *Associated General Contractors* because the owner-operators were not, in fact, employees.

■ On the record before us, we must reach the same conclusion in this case. Contractual language alone cannot transform a contractor/independent contractor relationship into an employer/employee relationship. *Associated General Contractors, supra,* 520 F.Supp. at 4. For such contributions on behalf of workers to be permitted under *Walsh v. Schlecht,* a true employment relationship must be demonstrated. Here, however, there is no showing that the substantive nature of Benal's relationship to the owner-operators would, if the contract were followed, become one of employer/employee under the test employed by this court. *See Waggoner, supra,* 642 F.2d at 336–37 (application of common law agency test to owner-operators performing in similar capacity). There is nothing in the facts stipulated in this record to suggest that if Benal had complied with the contract's formal requirements, the manner in which the work was accomplished, including the lack of control and supervision by Benal, would have changed. Nor is there anything to suggest that the parties intended the contract to change the substantive nature of Benal's relationship to the owner-operators.

We therefore hold that in light of *Walsh v. Schlecht,* the district court correctly concluded as a matter of law that Benal could not be required to make trust contributions "on behalf of" the owner-operators who performed trenching work.

■ Benal has cross-appealed for costs and attorneys' fees. There is no showing of bad faith in this record that would justify such an award and the district court therefore did not abuse its discretion in refusing Benal's request. *Sapper v. Lenco Blade, Inc., supra,* 704 F.2d at 1073. Similarly, this is not a frivolous appeal which may warrant, in our discretion, an award of costs and attorneys' fees. *See International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance,* 707 F.2d 425, 430 (9th Cir.1983) (citing *McConnell v. Critchlow,* 661 F.2d 116, 118 (9th Cir.1981)).

Affirmed.