837 F.2d 1091
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harriett DURBIN and Emil Durbin, Plaintiffs-Appellants,
v.
PIPEFITTERS LOCAL 522; Pipefitters Local 522 Hospital,
Medical, and Life Benefit Fund; Norman Cole; James Yates;
David Hussing; Pete Keonig; Vincent Schmidt; George
French; Harry Lusk; and James L. Mahoney, Defendants-Appellees.
 No. 87-5412.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Harriett and Emil Durbin appeal from the summary judgment granted in the district court denying their claim for ERISA benefits. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiffs filed their complaint on June 24, 1985, in the Jefferson County Circuit Court in Louisville, Kentucky, alleging that defendants had wrongfully withheld insurance benefits to which they were entitled. The action was removed to the federal district court. Defendants then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which was denied by the district court on January 3, 1986. Subsequently, plaintiffs moved for partial summary judgment on the issue of liability, and defendants moved for summary judgment on October 23, 1986.
 
 
 3
 Essentially, plaintiffs argued that they were entitled to coverage for the expenses incurred in Mrs. Durbin's hospitalization beginning April 6, 1984. Although Mr. Durbin left his employment with Clark Service Company in 1983, Richard Clark, the company president, agreed to continue to make payments to the Pipefitters Local Union No. 522 Hospital, Medical and Life Benefit Plan on Durbin's behalf. Durbin argued that these payments were, in effect, self-payments within the meaning of the plan and thus were lawful. Accordingly, he contended that his wife's expenses were covered by the plan. Defendants, on the other hand, argued that no self-payment was ever attempted and that the payments made by Mr. Clark's company violated 29 U.S.C. Sec. 186.
 
 
 4
 On March 19, 1987, the district court denied plaintiffs' motion for partial summary judgment and granted defendants' motion for summary judgment. Plaintiffs filed a notice on appeal on April 14, 1987. In this appeal, they argue that the district court erred in concluding that, as a matter of law, they were not entitled to recover benefits from the pain.
 
 II.
 
 5
 As the district court indicated, 29 U.S.C. Sec. 186 places strict limitations upon the power of an employer to make any type of payment to any representative of labor. 29 U.S.C. Sec. 186(c)(5) precludes employers from making payments to a trust fund unless such payments are made "for the sole and exclusive benefit of the employees of such employer." This section has been interpreted to render unlawful payments made on behalf of anyone other than an actual employee of the employer. See Walsh v. Schlecht, 429 U.S. 401 (1977); Trailways Lines v. Trailways, Inc. Joint Council of the Amalgamated Transit Union, 785 F.2d 101 (3d Cir.), cert. denied, 107 S.Ct. 403 (1986); Todd v. Benal Concrete Construction Co., 710 F.2d 581 (9th Cir.1983), cert. denied, 465 U.S. 1022 (1984); Reinforcing Iron Workers Local Union 426 v. Bechtel Power Corp., 634 F.2d 258 (6th Cir.1981). Thus, we conclude that the district court was correct in holding that the payments made by Richard Clark to the union trust fund violated Sec. 186.
 
 
 6
 Moreover, we reject plaintiff's argument that Emil Durbin elected to make self-payments after he left his employment with Clark Service in 1983. The payments made on Durbin's behalf were not computed pursuant to the self-payment provision, Durbin was consistently identified as an employee, and the payments were not made by Durbin as required by the plan. Under these circumstances, we conclude that the record simply will not support an inference that Durbin attempted to avail himself of the self-funding provisions contained in the welfare benefit plan.
 
 III.
 
 7
 Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.