606 F.2d 840
 104 L.R.R.M. (BNA) 2485
 C. William BURKE, John L. Connolly, Howard C. Dennis,
Alexander Rados, William Schmidt, Jerald B. Laird, John C.
Maxwell, Joseph H. Seymour, Richard L. Corbit, Harold
Edwards, Donald E. Mier, William C. Waggoner, Richard Cannon
and Alan Roberts, each in his respective capacity as Trustee
of the Operating Engineers Health & Welfare Fund, John L.
Connolly, C. V. Holder, Howard C. Dennis, John C. Maxwell,
James J. Kirst, C. William Burke, Kenneth J. Bourguignon,
Joseph H. Seymour, Richard L. Corbit, Harold Edwards, Donald
E. Mier, William C. Waggoner, Richard Cannon and Jerry
Trent, each in his respective capacity as Trustee of the
Operating Engineers Pension Trust, Howard C. Dennis, C.
William Burke, Alexander Rados, C. I. T. Johnson, James J.
Kirst, Jerald B. Laird, Joseph H. Seymour, Richard L.
Corbit, Harold Edwards, Donald E. Mier, William C. Waggoner
and Richard Cannon, each in his respective capacity as
Trustee of the Operating Engineers Vacation-Holiday Savings
Trust, Alexander Rados, William Schmidt, Howard C. Dennis,
Robert R. Moodie, C. I. T. Johnson, Charles J. Rounds, Jr.,
Joseph H. Seymour, Richard L. Corbit, Donald E. Mier, Jerry
Trent, Alan Roberts and Harold Edwards, each in his
respective capacity as Trustee of the Operating Engineers
Journeyman and Apprentice Training Trust, Plaintiffs-Appellants,
v.
James E. LENIHAN, an Individual, Defendant-Appellee.
James E. LENIHAN, an Individual, Defendant-Cross-Appellant,
v.
C. William BURKE et al., Plaintiffs-Cross-Appellees.
 Nos. 76-3125, 76-3214.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 2, 1979.
 
 Julian G. Macias, Jr., Sacramento, Cal., for defendant-appellee.
 Donald H. Heller, Sacramento, Cal., for plaintiffs-appellants.
 Appeal from the United States District Court for the Central District of California.
 Before TRASK and HUG, Circuit Judges, and BOHANON,* District Judge.
 TRASK, Judge.
 
 
 1
 This case presents the same legal problem that was considered by a different panel of this court in the case of Waggoner v. C & D Pipeline Co., 601 F.2d 456 (9th Cir. 1979). In Waggoner the question on appeal was "whether the agreement requires contributions for all hours worked by employees who perform any covered work or only for the hours actually worked in covered employment." Waggoner v. C & D Pipeline Co. (At 457). We held there that the collective bargaining agreement required contributions for all hours worked by or paid to employees who perform any work covered by the Master Labor Agreement.
 
 
 2
 As appears in Waggoner, the ambiguity, if one indeed existed, was resolved by a reference of the problem to the Labor Management Adjustment Board, a group created expressly for the purpose of settling disputes over the interpretation of the Master Labor Agreement. It seems clear that the interpretation of the contract with which we deal here was also settled by the Labor Management Adjustment Board.
 
 
 3
 In the present case, Burke v. Lenihan, the trustees of several Operating Engineers Trust Funds sued an employer for allegedly breaching a provision of the collective bargaining agreement. One of the employer's workers served as an operating engineer part of the time, and as a laborer the rest of the time. The trustees argued that the agreement required the employer to make contributions to the trust fund based on the total number of hours the employee was paid for, regardless of the type of work he performed. The employer took the position that he was obliged to contribute only for the time the employee actually spent performing operating engineer tasks. The district judge granted summary judgment in favor of the employer. Because we find that the decision in Waggoner, supra, is controlling here, the judgment is
 
 
 4
 REVERSED.
 
 
 
 *
 Honorable Luther L. Bohanon, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation