**William C. WAGGONER et al., etc., Appellants,**

v.

**WM. RADKOVICH COMPANY, INC., a California Corporation, Appellee.**

No. 78-2374.

United States Court of Appeals, Ninth Circuit.

April 30, 1980.

Wayne Jett, Los Angeles, Cal., for appellants.

Edward B. Robin, Los Angeles, Cal., argued, for appellee; Richard W. Esterkin, Beverly Hills, Cal., Shapiro, Robin, Cohen & Posell, Los Angeles, Cal., on brief.

Before PECK,* ANDERSON and FERGUSON, Circuit Judges.

PER CURIAM.

Trustees of four employee benefit trusts sued Wm. Radkovich Company, Inc. to recover contributions for an employee who the trustees contended was covered by a collective bargaining agreement (agreement) between Radkovich and the International Union of Operating Engineers, Local No. 12. The district court entered judgment for Radkovich. Recent decisions of this court require that we reverse.

* Honorable John W. Peck, Senior United States Circuit Judge, Sixth Circuit, sitting by designation.

The agreement at issue incorporates the terms of a Master Labor Agreement (MLA) between Local 12 and the Southern California General Contractors, which agreement in turn incorporates the terms of the four trust agreements. Under the terms of the MLA, employers make contributions to the trust for all hours of employment for each foreman whom they hire, but they make no contributions for superintendents because the MLA exempts them from coverage. (Art. I, ¶ B–4). A foreman's main duty is to supervise operating engineers, and, under limited circumstances, a foreman may perform operating engineers' work. The MLA does not specify the duties of a superintendent.

Radkovich employed Janes as a "superintendent" for 12 months over an 18-month period (January, 1974—June, 1975). Janes performed some superintendent's work and some foreman's work. The court below found that Janes was employed as a superintendent during the overwhelming majority of the time that he worked for Radkovich, but that there were times when Janes performed work similar to that normally performed by employees under the MLA. Under undisputed evidence at trial, this covered work was not *de minimis.*

In *Waggoner v. C & D Pipeline Co.,* 601 F.2d 456, 459 (9th Cir. 1979), which was decided after the district court granted judgment for the defendant, this court held that the same MLA "requires employers to make fringe benefit contributions for all hours worked by (or paid) employees who perform any work covered by the agreement." See *Burke v. Lenihan,* 606 F.2d 840 (9th Cir. 1979). In *C & D Pipeline,* this court noted that the MLA established a Labor-Management Adjustment Board to resolve disputes over the terms of the MLA. The Board is composed of the individuals who negotiated the MLA. On July 26, 1972, the Board adopted a resolution interpreting the MLA to require contributions for all hours worked by any employee who does any covered work whatsoever. This court held that the Board's resolution was binding on the parties before it.

Although the record here makes no reference to the July 26 resoultion, *C & D Pipeline* is controlling for the reason that both cases involved the same MLA. Because Janes did perform some "covered" work, Radkovich must make contributions for all hours that Janes worked for Radkovich. The district court's entry of judgment for Radkovich is reversed and the cause remanded for further proceedings consistent with *C & D Pipeline.* Because we reverse the judgment, we vacate the award of attorney's fees to Radkovich.

REVERSED.