Gene **SAPPER**, et al.,
**Plaintiffs-Appellants**,

v.

**LENCO BLADE, INC., a California corporation, Defendant-Appellee.**

No. 82–5602.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1983.

Decided April 25, 1983.

Wayne Jett, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs-appellants.

Ronald Dean, Pacific Palisades, Cal., for defendant-appellee.

Before CHAMBERS, SCHROEDER, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

The Master Labor Agreement (MLA) between the International Union of Operating Engineers, Local No. 12, and the Southern California General Contractors Association established four trusts to which employers must make fringe benefit contributions. In 1972, the Labor-Management Adjustment Board (LMA Board), established by the parties to interpret the MLA, adopted a resolution interpreting the MLA as requiring the employer to

> pay fringe benefit contributions to the Trusts at the required rate for each and every hour worked by the employee or paid for by the Contractor. Further, that in the event the payroll records of the Contractor show that such an employee is paid by salary or *any method other than hourly wages,* then the employee shall be *presumed* to have worked for a minimum of forty (40) hours during each week of such employment and payment, and fringe benefit contributions shall be paid for all such hours.

(Emphasis added.)

Appellee Lenco Blades, Inc. (Lenco), is a corporation bound by the MLA under a collective bargaining agreement with Local 12. Appellants, trustees of the trusts, assert that Lenco did not make sufficient contributions to the trusts for its employee, Mr. Cuillerier.

In September 1981, the trustees filed their complaint for unpaid fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3). The parties then brought cross-motions for summary judgment. Both parties requested attorneys' fees. The district court granted Lenco's motion for summary judgment and awarded Lenco attorney's fees in the amount of $8,500. The trustees appeal.

This court will affirm an order granting summary judgment "only if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact and that appellee is entitled to prevail as a matter of law." *International Ladies Garment Workers Union v. Sureck,* 681 F.2d 624, 629 (9th Cir.1982).

The record in this matter shows that Mr. Cuillerier organized Lenco in 1976 when he was injured and became unable to work forty hours per week. Lenco purchased one piece of equipment and rented it to contractors, charging on an hourly basis for rental of the equipment and for Mr. Cuillerier's work operating it. Mr. Cuillerier was the sole employee of Lenco, its president, and a shareholder. He periodically took varying amounts of "draws" from the Lenco account as compensation.

The amount of money owed by Lenco to the trusts depends on whether Mr. Cuillerier was paid by a "method other than hourly wages." Lenco, in its brief, insists that the record shows that Mr. Cuillerier was paid on an hourly basis, while the trustees assert that "no genuine dispute exists concerning the fact that Lenco paid Cuillerier by a method other than hourly wages." We are unable to determine from the record whether Mr. Cuillerier was or was not paid an hourly wage; nor can we determine from the record the number of hours he worked; or whether his work for Lenco was limited to operating its equipment. There are genuine issues of material fact concern-

ing the basis on which Lenco paid Mr. Cuillerier, as well as the extent of the services performed by him. Therefore, summary judgment was inappropriate.

Before the district court is asked to resolve the factual issues presented by this case, it is necessary for us to determine whether evidence can be presented to rebut the presumption that an employee who is not paid hourly wages worked a minimum of forty hours per week. This determination involves a question of law. *See C. Waggoner v. Northwest Excavating, Inc.,* 642 F.2d 333, 337 (9th Cir.1981); *vacated and remanded* 455 U.S. 931, 102 S.Ct. 1417, 71 L.Ed.2d 640 (1982); *reaff'd,* 685 F.2d 1224 (9th Cir.1982).

The trustees contend that this court has invariably upheld the requirement of contributions to the fund based on forty hours per week for employees paid by any "method other than hourly wages." To support their contention the trustees cite cases where this court considered the LMA Board's interpretation of the MLA quoted in full above, *e.g., Waggoner v. Wm. Radkovich Company, Inc.,* 620 F.2d 206, 207 (9th Cir.1980); *Burke v. Lenihan,* 606 F.2d 840 (9th Cir.1979); *Waggoner v. C & D Pipeline Co.,* 601 F.2d 456 (9th Cir.1979). These cases are inapposite, however, because they involved employees who *indisputably* worked forty hours per week. Thus, this court has not previously decided whether the presumption is rebuttable.

The trustees also assert that an irrebuttable presumption is necessary to police compliance with the MLA. The trustees, however, do not convincingly explain how a determination that the presumption is rebuttable would unnecessarily hinder oversight of an employer's compliance with the obligation to pay contributions to the trusts.

■ The definition of "presume" supports our conclusion that the presumption is rebuttable. Presume means "to take or suppose to be true . . . without examination or proof," *Webster's New International Dictionary,* 1958 (Second Ed., 1939), or "to assume as true in the absence of proof to the contrary." *The Random House Dictionary*

*of the English Language,* 1140 (Unabridged Ed., 1973). Indeed, a ruling that the word "presumed" as used by the LMA Board requires an irrebuttable presumption would rob the word of its plain meaning.

■ The next question then is whether Lenco's evidence rebutted the presumption as a matter of law. The parties dispute how many hours Mr. Cuillerier actually worked and the kind of work he actually performed. There appear to be genuine issues of material fact that bear on the question whether Lenco rebutted the presumption that Mr. Cuillerier worked forty hours per week. For this additional reason, summary judgment was inappropriate.

The case is remanded for a hearing to determine on what basis Mr. Cuillerier was paid. Should the trustees show that Mr. Cuillerier was paid by a method other than hourly wages, the presumption that he worked forty hours per week would arise. It would then be necessary to determine if evidence presented by Lenco is sufficient to rebut the presumption.

Since the order granting summary judgment in favor of Lenco is reversed, the award of attorney's fees must be vacated. To provide guidance to the district court on a matter that may arise on remand, we will address the question whether a defendant-employer who successfully defends a suit brought under Subchapter I of ERISA may be awarded attorney's fees. We will also consider the factors a court should consider in determining the amount of the award.

The ERISA section controlling the award of attorney's fees is 29 U.S.C. § 1132. It provides, in part:

> (g)(1) In any action under this subchapter [I] (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to *either* party. (2) In any action under this subchapter by a fiduciary . . . to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

. . . .

(D) reasonable attorney's fees . . . .

(Emphasis added.)

 Subparagraph (g)(2) applies where "a judgment in favor of the plan is awarded." Only those cases falling within subparagraph (g)(2) are excepted from subparagraph (g)(1). Thus, where a defendant-employer is successful in an action under subchapter I of ERISA, subparagraph (g)(1) clearly applies, and the court may exercise its discretion whether to award attorney's fees to the successful defendant-employer.

 The amount of an attorney's fees award is within the discretion of the district court and will not be disturbed unless there is a showing that the court abused its discretion. *See Rivera v. City of Riverside,* 679 F.2d 795, 796 (9th Cir.1982). In exercising its discretion on remand the district court should consider the twelve factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). "The record must 'demonstrate that the district court considered the factors established by *Kerr,*'" *Rivera v. City of Riverside,* 679 F.2d at 796, quoting *Kessler v. Associates Financial Services Company of Hawaii, Inc.,* 639 F.2d 498, 500 (9th Cir. 1981), but the court need not discuss each factor. *Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 838 (9th Cir.1982). *See Manhart v. City of Los Angeles, Department of Water & Power,* 652 F.2d 904, 907 (9th Cir.1981). "It is sufficient if the record shows that the court considered the factors 'called into question by the case at hand and necessary to support the reasonableness of the fee award.'" *Rivera v. City of Riverside,* 679 F.2d at 796–97.

In *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452–53 (9th Cir.1980), this court set forth additional guidelines that courts should follow in awarding attorney's fees under 29 U.S.C. § 1132(g). We said that a district court

> should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.* at 453.

If, on remand, the court awards attorney's fees, it should consider the factors in *Kerr* and *Hummell* in determining a reasonable award.

The order granting summary judgment is REVERSED and the award of attorney's fees is VACATED. The case is REMANDED for proceedings in accordance with this opinion.