766 F.2d 1301
 120 L.R.R.M. (BNA) 2054, 103 Lab.Cas. P 11,713
 OPERATING ENGINEERS PENSION TRUST, Operating Engineers
Health & Welfare Fund, Operating Engineers
Vacation-Holiday Savings Trust and
Operating Engineers Training
Trust, Plaintiffs/Appellants,
v.
CHARLES MINOR EQUIPMENT RENTAL, INC., Defendant/Appellee.
 No. 84-6044.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 8, 1985.
Decided July 22, 1985.
 
 Wayne Jett, Brian Ray Hodge, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs/appellants.
 Albert J. Tomigal, Wilson Clark, Marina Del Rey, Cal., for defendant/appellee.
 Appeal from the United States District Court for the Central District of California.
 Before SCHROEDER, FLETCHER and FARRIS, Circuit Judges.
 FARRIS, Circuit Judge:
 
 FACTS
 
 1
 The Master Labor Agreement between the International Union of Operating Engineers, Local No. 12, and the Southern California General Contractors Association established four trusts and required that employers make fringe benefit contributions to those trusts. In 1972, The Labor Management Adjustment Board, established by the parties to interpret and apply the MLA, adopted a resolution that the contractor shall pay fringe benefit contributions for "each and every" hour worked by the employee, unless
 
 
 2
 an employee is paid by salary or any other method than hourly wages, then the employee shall be presumed to have worked for a minimum of forty (40) hours during each week of such employment and payment, and the fringe benefit contributions shall be paid for all such hours.[1]
 
 
 3
 Charles Minor Equipment Rental, Inc. is a California corporation bound by the MLA. Charles Minor, the president and sole shareholder of Minor Equipment, owns a piece of heavy construction equipment and rents out his services and the equipment. The work performed by Charles Minor is subject to the MLA and it is undisputed that he is paid by a method other than hourly wages.
 
 
 4
 The Trusts audited Minor Equipment in February 1983 and found that it was reporting the minimum 200 hours per quarter necessary to retain benefits for Charles Minor and that, according to billing invoices, he worked in excess of the hours reported for him. The Trusts filed suit against Minor Equipment pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a), and section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1132(a)(3), for $17,923.59 in unpaid fringe benefits, interest, and liquidated damages based upon the difference between the reported hours and the 40-hour presumption.
 
 
 5
 The trusts contended that the 40-hour presumption was conclusive. The district court, Tashima, J., held 1) that Sapper v. Lenco Blade Inc., 704 F.2d 1069 (9th Cir.1983), controlled and therefore the LMAB resolution created a rebuttable, rather than conclusive, presumption 2) that the Trusts were collaterally estopped from relitigating the issue and 3) that Minor had introduced sufficient evidence to rebut the presumption, although it found that Charles Minor had worked more hours than had been reported to the Trusts. Accordingly, the court awarded the Trusts $4,672.13. It awarded $1,065.00 in attorney's fees, pursuant to 29 U.S.C. Sec. 1132(g)(2)(D), rather than the $4,256.25 requested because of the Trusts' counsel's failure to recognize "the binding effect of Lenco Blade." The Trusts appeal. We affirm.
 
 STANDARD OF REVIEW
 
 6
 Questions of law, including the principles of contract interpretation to be applied, are reviewed de novo. InterPetrol Bermuda, Ltd. v. Kaiser Aluminum Int'l Corp., 719 F.2d 992, 998 (9th Cir.1983). The district court's factual findings are reviewed under the clearly erroneous standard. Id.; United States v. One Twin Engine Beech Airplane, 533 F.2d 1106, 1107-08 (9th Cir.1976). The district court's determination that Minor had introduced sufficient evidence to rebut the 40-hour presumption represents a mixed question involving "the application of law to fact," which we generally review de novo. United States v. McConney, 728 F.2d 1195, 1200-04 (9th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Because of the special need for uniform interpretation and enforcement of collective bargaining agreements, see, e.g., Kemmis v. McGoldrick, 706 F.2d 993, 996-97 (9th Cir.1983), we review the court's determination that a contractor has rebutted the LMAB 40-hour presumption de novo. See Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1072 (9th Cir.1983).
 
 DISCUSSION
 
 7
 The district court's holding that the 40-hour presumption was rebuttable was based upon Sapper v. Lenco Blade, Inc., 704 F.2d 1069 (9th Cir.1983), which it found to be controlling. In Lenco Blade, the Trusts brought suit against a contractor-sole employee for insufficient fringe benefit contributions based upon the LMAB 40-hour presumption. The employee took periodic "draws" from Lenco as compensation. Both parties moved for summary judgment and attorney's fees. The district court granted Lenco's motion and awarded it attorney's fees.
 
 
 8
 On appeal, we held that summary judgment was inappropriate and remanded the case. Id. at 1071-72. We found that whether the employee "was paid by a 'method other than hourly wages' "--so that the 40-hour presumption applied--was disputed. We held that the presumption was rebuttable and found that whether Lenco Blade had rebutted the presumption was at issue. To reach this conclusion, we distinguished three previous decisions relied upon by the Trusts to establish that the presumption was conclusive. See Waggoner v. William Radkovich Co., 620 F.2d 206 (9th Cir.1980); Burke v. Lenihan, 606 F.2d 840 (9th Cir.1979); Waggoner v. C & D Pipeline Co., 601 F.2d 456 (9th Cir.1979). They were "inapposite ... because they involved employees who indisputably worked forty hours per week." 704 F.2d at 1072. Those cases consider whether an employer must contribute for all the hours worked by a full-time employee who splits his worktime between a position subject to the MLA and a position that is not covered. See Waggoner v. Dallaire, 649 F.2d 1362, 1369 (9th Cir.1981) (interpreting Radkovich, Burke, and C & D Pipeline ).
 
 
 9
 The Trusts argue that Lenco Blade 's interpretation of the LMAB resolution is dicta. This position is premised on limiting the holding to a reversal of the summary judgment because the method of payment was in dispute. In so arguing for a limiting of the holding, however, the Trusts ignore the court's direction that the district court, if it found that Sapper was paid on a basis other than hourly, next determine whether the presumption of forty hours was rebutted. This clear direction to the district court on how to proceed continues to be binding precedent, even if characterized as an alternative holding. It was based on the finding that there was a genuine issue of material fact on the question of whether Lenco had rebutted the 40-hour presumption. Even if it had been undisputed that the employee was paid by a method other than hourly wages, a remand would still have been required to determine whether Lenco had rebutted the 40-hour presumption. Conversely, if the method of payment had been undisputed and we had found the presumption to be conclusive, we could have affirmed the summary judgment without the necessity of a remand. Lenco Blade 's interpretation of the LMAB 40-hour presumption is res judicata. See Russell v. C.I.R., 678 F.2d 782, 785 n. 2 (9th Cir.1982); Dragor Shipping Corp. v. Union Tank Car Co., 371 F.2d 722, 726 (9th Cir.1967) ("Where an appellate court decision rests on two or more grounds, none can be relegated to the category of obiter dictum."). That interpretation is "the settled Ninth Circuit rule" on the MLA provision at issue and the district court properly applied it. See Dallaire, 649 F.2d at 1369.
 
 
 10
 Subsequent cases have delineated the inapplicability of the C & D Pipeline line of cases relied on by the Trusts to the issue whether the 40-hour presumption can be rebutted for employees who work less than full-time. See Kemmis v. McGoldrick, 706 F.2d 993, 997 (9th Cir.1983) (citing C & D for the limited proposition that "for full-time salaried employees, employers are required to contribute based on 40 hours per week") (emphasis added); see also Dallaire, 649 F.2d at 1369. Kemmis is particularly significant because it was decided after Lenco Blade: its narrow reading of C & D Pipeline avoided any conflict with Lenco Blade. The only case in which we have addressed the question whether the 40-hour presumption is rebuttable is Lenco Blade. The district court did not err in holding that it controls.
 
 
 11
 The Trusts alternatively contend that, assuming the presumption is rebuttable, Minor failed to produce sufficient evidence to rebut it. The Trusts assert that the presumption can only be rebutted by substantial, specific, and comprehensive evidence relying upon Parsons Corp. of California v. Director, Office of Workmen's Compensation Programs, 619 F.2d 38, 41 (9th Cir.1980). Parsons Corp. involved a statutory presumption that controlled "in the absence of substantial evidence to the contrary," and therefore is of no assistance in interpreting the LMAB 40-hour presumption.
 
 
 12
 The district court concluded that Minor's Exhibit 108, a summary of Minor's billing invoices and job tickets prepared by Charles Minor's wife, Sheila, and the testimony of Sheila Minor constituted sufficient evidence to rebut the 40-hour presumption. In resolving the ultimate factual issue of how many hours Charles Minor actually worked, the court noted that Minor's Exhibit 108 was "not entirely reliable." Instead, it found that the total number of hours worked by Minor was "accurately reflected" in the Trusts' Exhibit 20B, a month-by-month list of the minimum hours that Charles Minor could have worked, computed by dividing Minor's bank deposits by the maximum hourly rental rate obtained by Minor.[2]
 
 
 13
 Because the court found that Minor's evidence was not entirely reliable, the Trusts argue that the court should have found insufficient evidence to rebut the 40-hour presumption. To rebut the presumption the employer need only "present evidence raising a genuine issue." See Casillas v. United States Navy, 735 F.2d 338, 343 (9th Cir.1984); National Industries, Inc. v. Republic Nat'l Life Ins. Co., 677 F.2d 1258, 1266 (9th Cir.1982); see also Fed.R.Evid. 301, Notes of Conference Committee, House Rep. No. 93-1597 (if adverse party offers evidence contradicting the presumed fact, the trier of fact cannot presume its existence).
 
 
 14
 The trial court finding that Minor's evidence did not resolve the ultimate factual issue of the actual number of hours that Minor worked does not contradict its decision that the evidence was sufficient to rebut the presumption that Charles Minor worked 40 hours a week. See Casillas, 735 F.2d at 343 (to rebut presumption of discrimination in Title VII action, employer need not "present clear and convincing evidence," nor persuade the trier of fact). Minor worked substantially less than 40 hours a week. The district court's finding of fact that Minor worked less than 40 hours is not clearly erroneous. See Anderson v. City of Bessemer City, --- U.S. ----, 105 S.Ct. 1504, 1512-13, 84 L.Ed.2d 518 (1985).
 
 
 15
 Minor Equipment characterizes the Trusts' appeal as a frivolous attempt to relitigate Lenco Blade and seeks attorney's fees on appeal. Under 29 U.S.C. Sec. 1132(g)(1), we have discretion to award attorney's fees to a prevailing employer in an appeal. Carpenters Southern California Admin. Corp. v. Russell, 726 F.2d 1410, 1417 (9th Cir.1984). Our discretion is guided by the considerations described in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980). Those considerations "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Operating Engineers Pension Trust v. Gilliam, 737 F.2d 1501, 1505-06 (9th Cir.1984).
 
 
 16
 We disagree with Minor's characterization of this appeal as frivolous. In addition to a question of Lenco Blade 's preclusive effect, there was the issue of what evidence is required to rebut the 40-hour presumption. The Trusts' counsel were not acting in bad faith. See Russell, 726 F.2d at 1415. We make no award of attorney's fees.
 
 
 17
 AFFIRMED.
 
 FLETCHER, Circuit Judge, dissenting:
 
 18
 I respectfully dissent. The majority offers two inconsistent rationales to justify its conclusion that the MLA's 40-hour presumption is rebuttable, rather than conclusive. Neither of these is convincing, or consistent with this circuit's prior cases. The majority seems determined to circumvent our holding in Waggoner v. C & D Pipeline, 601 F.2d 456 (9th Cir.1979), where we ruled that the LMAB's 40-hour presumption is conclusive. Because I conclude that C & D Pipeline controls this case, and that the discussion of the 40-hour presumption in Sapper v. Lenco Blade, Inc., 704 F.2d 1069 (9th Cir.1983), upon which the majority relies, is dicta, I would require Minor Equipment to pay 40 hours worth of fringe benefit contributions for every week that Charles Minor worked.
 
 
 19
 C & D Pipeline involved a salaried employee, Donald J. Stark, who divided his time between work covered by the MLA and work it did not cover. 601 F.2d at 457-58. The district court ruled that Stark's employer, C & D, was obligated to pay fringe benefit contributions for only those hours during which he performed work covered by the MLA. This court reversed, holding that the LMAB resolution "require[d] employers to make contributions for all hours worked by employees who perform any work covered by the agreement." Id. at 459 (emphasis added).
 
 
 20
 However, we did not remand to the district court to determine the total number of hours that Stark worked, even though this information did not appear in the record. Instead, we held that:
 
 
 21
 Because Stark was a salaried employee, C & D was required to make contributions for Stark based on a minimum of forty hours per week.
 
 
 22
 Id. (emphasis added). We treated the 40-hour presumption as conclusive in C & D Pipeline: we did not provide C & D with an opportunity to introduce evidence that Stark worked fewer than 40 hours per week. This interpretation of the 40-hour presumption was a holding in C & D Pipeline, since it was necessary to the outcome of the case and controlled the amount of damages that were awarded.
 
 
 23
 The majority seeks to avoid C & D Pipeline 's holding first by claiming that in Lenco Blade, this court "distinguished" C & D Pipeline and "held" the 40-hour presumption to be rebuttable in all cases. The majority quotes Lenco Blade 's statement that our decisions in C & D Pipeline and two other cases, Waggoner v. Wm. Radkovich Co., 620 F.2d 206 (9th Cir.1980), and Burke v. Lenihan, 606 F.2d 840 (9th Cir.1979), were "inapposite [in resolving the Lenco Blade case] ... because they involved employees who indisputably worked forty hours per week." 704 F.2d at 1072 (emphasis in original). If that were an accurate characterization of the facts in C & D Pipeline, this court would have had no need to apply the 40-hour presumption in that case. If Stark indisputably worked 40 hours per week, C & D would have been required to make 40 hours worth of contributions for him without ever applying the 40-hour presumption.
 
 
 24
 However, Lenco Blade 's characterization of the facts in C & D Pipeline, upon which the majority relies, is not accurate. The decision in C & D Pipeline nowhere states or implies that Stark worked 40 hours per week, much less that this fact was undisputed. See generally C & D Pipeline, 601 F.2d at 457-59. Nor do the other two cases purportedly "distinguished" by Lenco Blade indicate that the employees they involved worked 40 hours per week. See generally Wm. Radkovich, 620 F.2d at 206-07; Burke, 606 F.2d at 841. This court's language in C & D Pipeline is absolutely clear that it was "[b]ecause Stark was a salaried employee," and therefore covered by the LMAB presumption, that "C & D was required to make contributions for [him] based on a minimum of forty hours per week"--not, as the majority and Lenco Blade suggest, because Stark indisputably worked 40 hours per week. 601 F.2d at 459 (emphasis added).
 
 
 25
 Furthermore, the majority's attempts to characterize Lenco Blade 's statements concerning the LMAB resolution as a holding, rather than dicta, are simply unconvincing. In Lenco Blade, the district court had granted summary judgment against the Trusts on their claims for unpaid fringe benefit contributions for Lenco Blade's sole employee and president, Mr. Cuillerier. Lenco Blade, 704 F.2d at 1071-73. This court concluded that a genuine issue of material fact existed concerning the threshold question of whether Cuillerier was paid hourly wages or on some other basis: if he was paid hourly wages, the 40-hour presumption would not apply. We remanded for a determination on that issue. Id. at 1071-72. The additional statements in Lenco Blade concerning the 40-hour presumption were not the basis of the remand, and were intended to apply only if the district court made a specific determination--i.e., that Cuillerier was paid on a non-hourly basis--after the case had been remanded. Since these statements were not necessary to the decision in Lenco Blade, they were merely advisory, and have no binding or precedential impact in the present case. See United States v. Fruehauf, 365 U.S. 146, 157, 81 S.Ct. 547, 553, 5 L.Ed.2d 476 (1961). Because these advisory statements in Lenco Blade directly contradict our holding in C & D Pipeline, we must apply the holding of C & D Pipeline.
 
 
 26
 The majority is somewhat disingenuous in referring to Lenco Blade 's interpretation of the 40-hour presumption as "the settled Ninth Circuit rule," and citing our decision in Waggoner v. Dallaire, 649 F.2d 1362, 1369 (9th Cir.1981) for this proposition. Dallaire involved completely different issues from those in the present case, and its reference to a "settled Ninth Circuit rule" is an allusion to C & D Pipeline, not Lenco Blade, which was decided two years after Dallaire. See id.
 
 
 27
 The majority's problems multiply when it attempts to reconcile its decision with our opinion in Kemmis v. McGoldrick, 706 F.2d 993 (9th Cir.1983), which was issued a month after Lenco Blade and did not even refer to that decision. Kemmis involved an employee who indisputably worked full-time, id. at 995, and cited C & D Pipeline for the proposition that "[f]or full-time salaried employees, employers are required to contribute based on 40 hours per week." Id. at 997 (citing C & D Pipeline ). Kemmis thus interpreted the 40-hour presumption as being conclusive, and read C & D Pipeline as reaching the same conclusion.
 
 
 28
 In attempting to reconcile Kemmis, the majority appears to concede that both Kemmis and C & D Pipeline interpret the 40-hour presumption as being conclusive, at least in certain cases. However, the majority contends that Kemmis limits C & D Pipeline 's applicability to cases involving full-time employees, and states that C & D Pipeline is not applicable "to the issue whether the 40-hour presumption can be rebutted for employees who work less than full-time." Thus, the majority appears to maintain that the LMAB's 40-hour presumption is conclusive for full-time employees, as in C & D Pipeline and Kemmis, but rebuttable for those who work less than full-time, as in Lenco Blade.
 
 
 29
 This proposed interpretation presents several difficulties. First, it directly contradicts the majority's own interpretation of Lenco Blade as establishing that the 40-hour presumption is rebuttable in all cases. Moreover, nothing in Lenco Blade indicates that that decision was intended to apply only to part-time employees. Second, the majority's interpretation directly contradicts its characterization of C & D Pipeline, which it borrowed from Lenco Blade, as a case that did not even involve application of the 40-hour presumption. Third, the majority's proposed interpretation is completely unsupported by the wording of the LMAB resolution, which draws no distinction between full-time and part-time employees, and only distinguishes between employees paid by hourly wages and those who are not. The majority thus is imposing a distinction upon the parties to the LMAB resolution that they did not intend. Finally, nothing in the record indicates that Charles Minor would not qualify under the majority's definition as a "full-time" employee of Minor Equipment,[1] so it is possible that even accepting the majority's reading of C & D Pipeline and Kemmis, the 40-hour presumption would apply in this case.
 
 
 30
 Given the wording of the LMAB resolution, it is far more reasonable to interpret the reference to "full-time" employees in Kemmis as a reflection of the specific facts in that case, rather than as an attempt to introduce a new distinction into interpretation of the 40-hour presumption. Moreover, the Kemmis court's failure even to mention Lenco Blade suggests that it considered Lenco Blade 's statements about the 40-hour presumption to be merely advisory, as contrasted to the controlling precedent in C & D Pipeline.
 
 
 31
 Because our decisions in C & D Pipeline and Kemmis indicate that we have interpreted the LMAB resolution's 40-hour presumption to be conclusive both before and after our decision in Lenco Blade, I would conclude that we are bound to interpret the presumption as being conclusive in this case. The majority allows a little careless advice in Lenco Blade, which is unsupported in any of our other decisions, to distort the facts and the holdings of this circuit's cases. I find that unfortunate. I would require Minor Equipment to pay 40 hours worth of fringe benefit contributions for every week that Charles Minor worked.
 
 
 
 [1]
 This resolution was adopted to prevent owner-operators who were salaried from only reporting minimum hours needed for eligibility and not making their full contributions to the Trusts
 
 
 [2]
 The court reduced the figures in the Trusts' exhibit by 5% to account for two-hour move charges that Minor billed to its clients but which were paid out to subcontractors who moved Minor's construction equipment from job to job. This reduction was based on the Minors' testimony concerning move charges
 
 
 [1]
 The majority nowhere explains the meaning of the term "full-time employee" for purposes of applying the 40-hour presumption under its proposed interpretation. If the term signifies only employees who work 40 hours per week, then under the majority's interpretation, the conclusive presumption essentially is meaningless: it would simply provide that if the Trusts can establish that an employee works 40 hours per week, he will be presumed to work 40 hours per week. Moreover, it would reduce to a truism Kemmis 's statement that "[f]or full-time salaried employees, employers [must] contribute based on 40 hours per week." 706 F.2d at 997
 Thus, it would be more plausible to interpret the term "full-time employee" in this context as applying to some employees who work less than 40 hours per week. As a result, it is not clear from the record in this case or from the majority's opinion whether Charles Minor should be considered a "full-time" employee.