Steve EIDEN, Plaintiff,

v.

THRIFTY PAYLESS INC. dba Rite-Aid # 6091, et al., Defendants.

No. S–04–0398 WBS PAN.

United States District Court, E.D. California.

Feb. 23, 2005.

---

Lynn Hubbard III, Scottlynn J. Hubbard, IV, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiff.

Lisa D. Herzog, Wayne C. Arnold, Hart, King & Coldren, Santa Ana, CA, for Defendants.

*MEMORANDUM AND ORDER
RE: ATTORNEYS' FEES
AND COSTS*

SHUBB, District Judge.

Plaintiff, a paraplegic, brought suit against defendant Thrifty Payless ("defendant"),[1] seeking, among other remedies, the removal of architectural barriers to his access at defendant's Rite–Aid store in Oroville. On December 7, 2004, plaintiff's acceptance of defendant's Federal Rule of Civil Procedure 68 ("Rule 68") offer was filed in this court, and on January 7, 2005, judgment was entered in favor of plaintiff. Plaintiff now seeks attorneys' fees and costs pursuant to 42 U.S.C. § 12205 ("§ 12205").

---

1. The other defendants are John Does.

## I. *Factual and Procedural History*

Plaintiff filed suit against defendant in February 2004, alleging, *inter alia,* violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). (Compl.). Plaintiff sought injunctive and declaratory relief, statutory damages, $100,000 in general and special damages, attorneys' fees, interest, and punitive damages. (Compl.). On November 23, 2004, defendant made an offer pursuant to Rule 68 that included substantial changes to the layout of both the exterior and interior of the store at issue and $4,001 in damages. (Def.'s Rule 68 offer at 2–3). Defendant also offered to "pay plaintiff his reasonable attorney's fees and reasonable costs accrued in this action against [defendant] as determined by the court." (*Id.* at 3). Plaintiff accepted the offer.

Plaintiff now seeks attorneys' fees and costs in the amount of $15,650.84 (Pl.'s Mot. for Attorneys' Fees at 7) plus additional fees incurred in preparing for this motion.[2]

## II. *Discussion*

■■■ Pursuant to 42 U.S.C. § 12205,[3] a federal court may award reasonable attorneys' fees to the prevailing party in an action under the ADA. A prevailing plaintiff under the ADA "should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust." *Barrios v. Cal. Interscholastic Fed'n,* 277 F.3d 1128, 1134 (9th Cir.2002)(citing *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The district court determines the amount of the attorneys' fees by using the lodestar calculation—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933 (1983). There is a strong presumption that the lodestar amount is reasonable. *Fischer v. SJB–P.D., Inc.,* 214 F.3d 1115, 1119 n. 4 (9th Cir.2000). The court may adjust the lodestar figure if various factors overcome the presumption of reasonableness.[4] *Hensley,* 461 U.S. at 433–34, 103 S.Ct. 1933. The general rule prescribing the use of the lodestar figure does not

---

**2.** Plaintiff seeks to be compensated for eight hours spent preparing this motion and four additional hours for the commute to Sacramento and the hearing itself. The court finds four hours to be a reasonable time to prepare this motion and an additional four hours for the time spent in travel and in court. Therefore, the court adds eight hours to Scott Hubbard's total.

**3.**

In any action or administrative proceedings commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

**4.** The court may adjust the lodestar figure on the basis of the *Kerr* factors:

(1) the time and labor required, (2) the novelty and difficulty of the questions in-

volved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975). Many of the *Kerr* factors have been subsumed in the lodestar approach. *Cunningham v. County of Los Angeles,* 879 F.2d 481, 487 (9th Cir.1988). Moreover, the court should consider the factors established by *Kerr,* but need not discuss each factor. *Sapper v. Lenco Blade, Inc.,* 704 F.2d 1069, 1073 (9th Cir.1983).

apply when a civil rights plaintiff receives only limited or technical success. *Fischer*, 214 F.3d at 1119.

## A. *The prevailing party*

A civil rights plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A settlement agreement that materially alters the legal relationship in favor of the plaintiff can confer upon him prevailing party status. *Barrios*, 277 F.3d at 1134.

In this case, plaintiff is the prevailing party for purposes of § 12205. Defendant agreed both to alter its store to make it more accessible to plaintiff and to pay plaintiff $4,001 in damages. This is a material alteration of the legal relationship between plaintiff and defendant, and is not a merely technical success.

## B. *Lodestar Calculation*

### 1. *Hours Reasonably Expended*

Plaintiff submits a billing statement itemizing the time counsel spent on this matter. He asks for $12,640.75 in attorneys' fees and $3,010.09 in costs. (Lynn Hubbard Decl. Ex. A (summary of fees and costs)). Defendant would have the court award plaintiff $4,374.13 in attorneys' fees and $2,460.09 in costs. (Def.'s Opp'n to Pl.'s Mot. for Attorneys' Fees at 14–15).

Defendant argues that since plaintiff's counsel ("the Firm") has filed numerous complaints that are almost identical and seems to operate some aspects of its practice by the use of standard legal forms in which the Firm just changes a few details, the court should find that the number of hours the Firm charged are unreasonable. The court largely agrees with this assessment. The Firm has filed 993 ADA cases in United States District Courts in California since July 30, 1998. (Def.'s Ex. C). The court notes that the Firm filed 146 ADA cases in this district alone between the date this case was filed, February 26, 2004, and November 5, 2004. (Def.'s Ex. C). More telling of the effort required to pursue the instant litigation are plaintiff's complaint, his request for production, his interrogatories, and the demand letter sent to defendant. They are all *exactly* the same as corresponding documents in other ADA litigation that plaintiff's counsel has filed, only with a different named plaintiff and defendant. (*Compare* compl. *with* Def.'s Ex. D) (compl. in *Jones v. Thrifty Payless, Inc.*, No. 04–00413 (S.D.Cal.)); *compare* Def.'s Ex. F (demand letter in this case) *with* Def.'s Ex. G (demand letter in *Jones* ); *compare* Def.'s Ex. H (interrogatories, requests for admission and production in this case) *with* Def.'s Ex. I (interrogatories, requests for admission and production in *Jones* ).[5]

### a. *Complaint, request for production, demand letter, interrogatories*

The court notes that plaintiff's counsel charges a full hour of lead attorney Lynn

---

5. The wording of some parts of the complaint is also almost identical to the wording of a complaint that the Firm authored in *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1037–38 (E.D.Cal.2004). In that case, the court noted that the Firm filed "form complaints which stretch the meaning of notice pleading by alleging boilerplate violations of the ADA and state law." *Id.* at 1040. Plaintiff argues in its reply brief that *Peters*, which held that plaintiff owed defendant $37,563 for filing frivolous claims, was wrongly decided. (*See* Reply to Opp'n to Mot. for Attorneys' Fees at 11–14). That argument is not relevant here; however, the case is relevant in that it tends to show that the Firm routinely files form documents.

Hubbard's time to draft the complaint. Plaintiff's counsel also charges an hour of Lynn Hubbard's time to draft the demand letter, another hour and a half of his time for the request for the production of documents, and two hours to draft the interrogatories. (Hubbard Decl. Ex. B (time-keeping sheet)). The court finds all of these time estimates to be excessive. The reasonable time expended on these matters is a third of what plaintiff requested, leading the court to subtract 3.0 hours from the amount attributed to Lynn Hubbard on the billing sheet.

### b. *Conflict check*

▮▮▮ In another ADA case that was before this court in which the Law Offices of Lynn Hubbard III also served as plaintiff's counsel, the court did not allow a fee to be collected for an initial conflict check. *Loskot v. USA Gasoline Corp.*, CIV. S–01–2125 WBS KJM, slip op. at 11 (E.D.Cal. Apr. 26, 2004). The court in that case was "not persuaded that Lynn Hubbard routinely bills paying clients and collects from them for time spent on conflict checks." *Id.* Nothing has changed the court's perception, and therefore Lynn Hubbard's 0.7 hour charge for an initial conflict check will not be allowed.

### c. *Other items*

Defendant also challenges a number of other items on plaintiff's billing statement. (Def.'s Ex. P). Defendant claims that plaintiff's notices of deposition, performed by an associate attorney, were also forms in which only the name and store location needed to be changed, and further claims that the amended notices of deposition were only amended to change the date. Defendant argues that one hour is too long to reasonably expend drafting the client's

fee letter and agreement. Defendant argues that Lynn Hubbard's billing an hour and a half of time to meet with his client to go over discovery responses, when both plaintiff and his counsel are repeat players in this type of litigation, is excessive. Defendant argues that the time claimed to be necessary to respond to defendant's interrogatories and requests for production—three hours—is also excessive. Defendant argues that meeting with the client at the site is also not billable, since it should have been done before the inception of the litigation. Finally, defendant argues that an hour to review defendant's responses to interrogatories is too long.

The court finds merit in the argument that the time billed for noticing depositions and amending these notices was excessive. Although neither defendant nor plaintiff provided the court with any of these notices, based on the sheer volume of ADA cases that plaintiff's counsel handles, the court finds defendant's contention that these notices are forms entirely credible. The reasonable time expended on these matters is a third of what plaintiff requested, leading the court to subtract 2.0 hours from the amount attributed to associate Scott Hubbard. For the same reason, the court reduces by two-thirds the time reasonably expended drafting the client's fee letter and agreement, deducting another 0.67 hours from the time attributed to Lynn Hubbard. As to the time Lynn Hubbard spent reviewing the responses to the interrogatories and consulting with his client, the court finds these hours to be reasonably billed.[6]

### 2. *Rate Reasonably Charged*

▮▮▮ The reasonable hours expended in this litigation must be multiplied by a rea-

---

6. Defendant also disputes some of the time entries attributed to paralegals. However, defendant gives no reason for these disputes, and the court cannot find any. The paralegal time will be billed in full.

sonable hourly rate to determine the lodestar amount. To determine the reasonableness of hourly rates claimed, the court looks to the "prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), for "similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir.1986). The relevant community is generally the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997).

Plaintiff's counsel seeks a compensation rate of $300 for Lynn Hubbard, $175 for associates Scott Hubbard and Medy Beauchane, $75 for paralegals Bonnie Vonderhaar and Alisha Petras, and $65 for legal assistants. (Hubbard Decl. Ex. A (summary of attorneys' fees)). There is no doubt Lynn Hubbard and his team are experienced in ADA litigation. However, "[j]udges in this district have repeatedly found that reasonable rates in this district are $250 per hour for an experienced attorney, $150 for associates, and $75 for paralegals." *Loskot v. USA Gas Corp.*, slip op. at 8–9(applying those rates to the Firm).[7] *See also Hiram C. v. Manteca Unified Sch. Dist.*, CIV. S–03–2568 WBS KJM (E.D.Cal. Nov. 5, 2004); *Pickern v. Marino's Pizza & Italian Rest.*, CIV. S–01–1096 WBS GGH (E.D. Cal. April 9, 2003); *Loskot v. Pine St. Sch.*, CIV. S–00–2405 DFL JFM (E.D.Cal. Nov. 7, 2002); *Loskot v. Feedbag Rest.*, CIV. S–00–1495 WBS GGH (E.D.Cal. May 22, 2002). The court will apply these rates in this case as well.

In addition, the $65 per hour that plaintiff seeks to recover for the legal assistants is unrecoverable. Those other personnel are named "Christa," "Elva," "Jamie," and "Melinda" in the billing statement. These individuals are not listed as paralegals. In *Loskot v. USA Gas Corp.*, this court explained why the Firm could not recover for the time expended on the case by their secretaries. Slip op. at 10–11. In short, the salaries and benefits paid to support staff are "a part of the usual and ordinary expenses of an attorney in his practice," and are properly classified as overhead. *Id.* at 10(quoting *In re Pac. Exp., Inc.*, 56 B.R. 859, 865 (Bkrtcy. E.D.Cal.1985)). Plaintiff invites the court to reconsider its holding in *USA Gas*, but cites no binding precedent requiring the court to do so. (*See* Pl.'s Reply to Opp'n to Mot. for Attorneys' Fees at 9–10). The court declines plaintiff's invitation.

### C. *Adjusting the lodestar calculation*

Defendant argues that the lodestar calculation should be adjusted downwards by 30%. (Def.'s Opp'n to Mot. for Attorneys' Fees at 10). He argues that all twelve of the *Kerr* factors weigh in favor of reduction. (*Id.* at 8–10). However, five *Kerr* factors are subsumed in the lodestar analysis: (1) the novelty of the issues, (2) the skill and experience of counsel, (3) the quality of representation, (4) the results obtained, and (5) the contingent nature of the fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir.1996). Further, there is a strong presumption that the lodestar amount is rea-

---

7. Plaintiff argues in his reply brief that "it's time for a cost-of-living raise to match inflation." (Pl.'s Reply to Opp'n to Mot. for Attorneys' Fees at 5). Defendant did not have an opportunity to counter this assertion in its papers. The court generally will not consider arguments raised for the first time in a reply brief. *Mid Valley Bank v. N. Valley Bank*, 764 F.Supp. 1377, 1387 n. 10 (E.D.Cal.1991). The court finds that any cost-of-living hourly rate increase for ADA lawyers should be fully briefed by the parties, and thus will not consider the issue here.

sonable. *Fischer*, 214 F.3d at 1119 n. 4. Regarding the *Kerr* factors not subsumed in the lodestar calculation, the court finds that defendant has not made a strong argument in favor of a departure from the lodestar calculation. All of defendant's *Kerr* arguments stem from the more basic argument that plaintiff's counsel should not be rewarded by the court for filing a suit that was allegedly settled due its nuisance value. (*See* Def.'s Opp'n to Mot. for Attorneys' Fees at 6–10). However, the court has already considered this argument, and in some instances applied it, within the framework of the lodestar calculation. No further adjustment is warranted.

### D. Costs

■ Defendant also challenges the $550 cost incurred by plaintiff to do an asset search on defendant. (*See* Def.'s Ex. T (disputed costs)). Defendant argues that plaintiff already knows defendant's financial information from previous cases. However, financial information is only accurate for a limited time, and the court finds this to be a reasonable cost. *See Colo. Cross Disability Coalition v. Hermanson Family Ltd. P'ship*, 264 F.3d 999, 1002 (10th Cir.2001)(financial resources of defendant relevant to whether changes to accommodate the disabled are "readily achievable").

### III. Conclusion

In accordance with the foregoing discussion, attorney's fees are awarded in the following amounts:

Lynn Hubbard:
  (32.8 hours–3.0–0.7–0.67)($250) = $ 7,107.50
Scott Hubbard:
  (3.9 hours–2.0 + 8.0)($150) = $ 1,485.00
Medy Beauchane:
  (2.5 hours)($150) = $ 375.00
Paralegals:
  (10.45 hours)($75) = $ 783.75
Costs = $ 3,010.09
        TOTAL = $12,761.34

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees and costs be, and the same hereby is, GRANTED in the amount of $12,761.34.