Teddy Luther MORGAN,
Plaintiff/Counter–
Defendant,

v.

ADMINISTRATIVE COMMITTEE OF THE WAL–MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, Defendant/Counter–Plaintiff.

No. CIV.00–507–TUC–WDB.

United States District Court, D. Arizona.

July 30, 2002.

Lisa Counters, Tempe, AZ, for plaintiff.

Kevin Koeblel, Hobson & Ringler, Tempe, AZ, for defendant.

### ORDER

WILLIAM D. BROWNING, Senior District Judge.

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Related Non–Taxable Expenses (Doc. # 75). As set forth below, the Motion is GRANTED IN PART and DENIED IN PART, and the Court awards Morgan $43,596.00 in attorneys' fees.

### Factual & Procedural Background

The facts underlying this lawsuit arise out of an August 1, 1992 automobile collision in Hobbs, New Mexico in which Plaintiff Morgan was seriously injured. At the time of the collision, Morgan was insured under Wal–Mart Stores, Inc. Associates' Health and Welfare Plan ("the Plan"). The Plan paid a portion of Morgan's collision-related medical expenses, and Morgan ultimately recovered some funds from responsible third parties in 1997. From these funds, the Plan sought reimbursement of the medical benefits it had paid Morgan. In 1997, Morgan tendered a check to the Plan which represented a reimbursement of some of the benefits paid, yet the Plan never cashed the check and ultimately sought full reimbursement in 2000.

Prior to the initiation of this action, the parties commenced litigation in various courts including courts in Arkansas and New Mexico. While these other lawsuits were still pending, Morgan filed this action on September 5, 2000 seeking declaratory relief that Defendant could not recover reimbursement for the medical benefits it paid him, reimbursement for Defendant's failure to pay all covered medical expenses, and statutory penalties for Defendant's failure to provide plan documents.

See Doc. # 6. Defendant ultimately filed its Answer and a Counterclaim, which was essentially its claim for reimbursement of benefits paid, on December 7, 2000. See Doc. # 10.

In April and May 2001, the parties briefed Morgan's Motion to Dismiss Counterclaim. See Doc. # 22–26. Beginning in August 2001, the parties also briefed two motions for summary judgment regarding Morgan's claim for declaratory relief. See Docs. # 34 & 41.

On September 12, 2001, this Court granted Morgan's Motion to Dismiss Counterclaim and dismissed the counterclaim with prejudice. See Doc. # 48. After additional briefing, this Court denied Defendant's Motion for Reconsideration on the dismissal of the counterclaim, and inquired how the parties wished to proceed on the pending motions for summary judgment. See Doc. # 61.

In November 2001, the parties stipulated to dismiss Morgan's two other claims relating to Defendant's failure to pay all covered medical expenses and statutory penalties for Defendant's failure to provide plan documents. See Doc. # 56 & 60. Part of the parties' stipulation provided that each side would bear their own costs and fees with respect to these claims. See id. Thereafter, the Court denied as moot Defendant's previously filed motion for summary judgment relating to one of those claims. See Doc. # 59.

On January 11, 2002, Defendant filed its second motion for reconsideration of the dismissal of the counterclaim. See Doc. # 67. The Court requested further briefing on the second motion for reconsideration and also advised the parties that it would consider that briefing in deciding how to proceed with the still pending motions for summary judgment. See Doc. # 69. Ultimately, this Court denied De-

fendant's second motion for reconsideration, granted Morgan's pending motion for summary judgment, and denied Defendant's pending motion for summary judgment. *See* Doc. # 72. On February 15, 2002, the Court also entered judgment in favor of Morgan and against Defendant on Morgan's request for declaratory judgment. *See* Doc. # 73.

Defendants subsequently filed a Notice of Appeal (Doc. # 79) in this matter which it later voluntarily dismissed (Doc. # 83). In addition, Plaintiff also filed the pending Motion for Attorneys' Fees and Related Non-Taxable Costs (Doc. # 75), which this Court has previously ruled was timely filed after granting a brief extension (Doc. # 82).

Based upon the pleadings, the Court has been informed that Defendant also filed an action against Morgan's New Mexico counsel in this Court which was dismissed for lack of jurisdiction, and that Defendant then refiled that action in New Mexico.

**Discussion**

■ As set forth more fully below, the Court exercises its discretion and awards Morgan $43,596 in attorneys' fees.

**1. Propriety of Fee Award**

■ In its discretion, a district court may award reasonable attorneys' fees and costs to either party in an ERISA civil enforcement action. *See* 29 U.S.C. § 1132(g)(1). To determine whether an ERISA fee award is appropriate, this Court must apply the *Hummell* factors that include: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all plan participants and beneficiaries or resolve a significant legal question; and (5) the relative merits of the parties' positions. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980). In applying these factors, the Court is cognizant of ERISA's remedial purposes that "should be liberally construed in favor of protecting participants in employee benefit plans" and the fact that a successful ERISA participant[1] "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1172 (9th Cir.1999) quoting *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir.1984).

**Jurisdiction to Award Fees**

■ Defendant claims that this Court lacks jurisdiction to award fees under § 1132(g)(1) because it dismissed Defendants' counterclaim. *See In re Knight*, 207 F.3d 1115 (9th Cir.2000). In *In re Knight*, the United States Court of Appeals for the Ninth Circuit concluded that a district court lacks any authority to award fees and costs under § 1132(g)(1) if it finds that it "lacked subject matter jurisdiction over the underlying action." *Id.* at 1119.

However, in this matter, the Court had subject matter jurisdiction over the alleged claims. First, it is undisputed this Court had subject matter jurisdiction over Plaintiffs' ERISA claims. Furthermore, this Court's dismissal of the various permutations of Defendant's counterclaim was based upon Defendant's failure to state a

---

1. While Defendant wishes to characterize itself as the "plaintiff" in this action, the parties are well-aware that this Court entered judgment in Plaintiff Morgan's favor regarding his request for a declaratory judgment that Defendant could not recover reimbursement for the medical benefits it paid him.

claim. As this Court summarized in its original order dismissing the counterclaim:

> The Plan's counterclaim is dismissed as the Plan has failed to state a claim upon which relief can be granted. Furthermore, the Plan's request for a declaratory judgment is also dismissed as the Plan has not stated an underlying claim upon which it could be granted relief.

Doc. # 48, p. 2–3. Likewise, after additional briefing on whether Defendant had stated a viable claim, this Court again reiterated its earlier holding. *See* Doc. # 61, p. 2. Thus, the Court finds *In re Knight* inapplicable and finds that it has the authority and discretion to award attorneys' fees under § 1132(g)(1) because it had subject matter jurisdiction over the underlying matter.

### Defendant's Culpability or Bad Faith

In assessing Defendant's conduct, the Court notes in particular that Morgan resolved his third-party action in 1997 and tendered a check to Defendant, in apparent belief of a settlement agreement, that same year. However, Defendant never cashed the check and then waited three years to commence litigation.

In their briefs, the parties have argued at length about the propriety of the prior-filed Arkansas and New Mexico actions. Furthermore, the parties have apprized the Court that there is ongoing litigation in New Mexico as Defendant continues its attempt to obtain at least some reimbursement. While noting that Defendant has adopted an extremely aggressive litigation posture against Morgan, the Court does not believe it appropriate to rule on the propriety of those actions.

 While Defendant has been tenacious in its attempts to recover the benefits that it paid Morgan, the Court does not believe that Defendant has acted in bad faith. In particular, the Court has previously noted that prior to *Knudson* the circuit courts were split on whether or not ERISA plans could recover in similar circumstances. Clearly, as evidenced in its pleadings, Defendant hoped that the United States Supreme Court would overrule the Ninth Circuit's position. In addition, based upon the pleadings filed in this case, it is clear that *Knudson* has only further complicated matters as parties and the courts continue their attempts to define the rights of ERISA plans and beneficiaries. In this matter, both sides have aptly and zealously represented their positions. Accordingly, the Court does not believe that Defendant acted in bad faith; however, a finding of bad faith is not a prerequisite to the awarding of fees to Morgan. *See McElwaine,* 176 F.3d at 1173 (citation omitted).

### Defendant's Ability to Satisfy a Fee Award

In this matter, Defendant has not argued that it would be unable to satisfy a fee award. Thus, this factor weighs in favor of awarding Morgan his reasonable attorneys' fees.

### Deterrence

In addition, the Court believes that an award of attorneys' fees to Morgan would deter other similarly situated Defendants from forcing beneficiaries to undertake costly litigation to preserve their rights against reimbursement claims. *See e.g., McElwaine,* 176 F.3d at 1173. Even though Defendants' position on the reimbursement claim was arguably justifiable, it is clear that Defendant's extremely aggressive litigation posture has required its beneficiary to expend significant litigation costs to resolve a rather simple controversy. As such, the Court believes that this *Hummell* factor weighs in favor of an award of fees.

### Benefit to All Plan Participants or Resolve a Significant Legal Question

In this case, the Court finds that the fourth *Hummell* factor weighs against an award of attorneys' fees. Morgan admits that he did not seek to benefit all plan participants (other than some general deterrence), and Morgan did not seek to resolve a significant legal question regarding ERISA. Rather, it is clear that Morgan merely sought to enforce his rights as had been clearly set forth by the Ninth Circuit.

### Relative Merits of the Parties' Positions

Regarding the fifth *Hummell* factor, the Court finds that this factor weighs heavily in favor of an award of attorneys' fees. While the federal courts were split on the viability of Defendant's position, the Ninth Circuit had clearly and repeatedly rejected similar claims by ERISA plans. In fact, Defendant admitted as much in its filings with this Court. Ultimately, the United States Supreme Court in *Knudson* affirmed the Ninth Circuit's position. Therefore, in the proceedings before this Court, Plaintiff clearly had the more meritorious position.

Accordingly, after reviewing the relevant *Hummell* factors and finding no special circumstances that would render an award of attorneys' fees unjust, the Court exercises its discretion and awards Morgan his reasonable attorneys' fees as set forth below.

### 2. Fee Calculation

█ Attorneys' fees under § 1132(g)(1) are calculated using a hybrid lodestar/multiplier approach in which the court must multiply the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to various factors. *See McElwaine*, 176 F.3d at 1173 (citation omitted).

### Hourly Rate

█ Morgan claims attorneys' fees at the rate of $275 per hour and paralegal fees at the rate of $85 per hour. Defendant argues that Ms. Counters' hourly rate should be no more than $200 and that Mr. Koelbel's rate should be well below $200. As set forth more fully below, the Court believes that Morgan is entitled to reasonable attorneys' fees in the amount of $275 per hour and paralegal fees at the rate of $85 per hour.

█ In determining the proper reasonable hourly rate, the Ninth Circuit has instructed this Court to consider the following eleven factors: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000) (citations omitted).

In determining the proper reasonable rate, the Court believes it appropriate to begin with the customary fee charged by ERISA plaintiff's attorneys in Arizona. *See id.* at 1047 n. 3. Such a starting point takes into account many of the requisite factors. In this regard, the only direct evidence submitted are affidavits by Morgan's counsel indicating that their rates represent the customary fees currently charged by ERISA plaintiff's attorneys in Arizona. In this regard, Defendant's reliance upon dated cases from this district, its Tennessee counsel's hourly rate, and

the hourly rate of an Arizona ERISA defense lawyer is misplaced. The relevant inquiry as to the reasonable fee is the customary charges of ERISA plaintiffs attorneys in Arizona. Accordingly, based upon the evidence submitted, the Court finds that the customary fee charged by ERISA plaintiff's attorneys in Arizona is $275 per hour.

In considering whether Morgan's counsel is entitled to their customary fee, the Court finds that they are. The Court notes in particular that this fee is the customary fee for Morgan's counsel in ERISA matters; that ERISA issues are often perceived as complex by the relevant community; that the extensive experience of Morgan's counsel, as set forth in their affidavits, supports such a fee; that ERISA plaintiff cases are generally undesirable; and that Morgan's counsel recently settled an ERISA matter in which they received $275 per hour for their time. Furthermore, the Court finds that the outstanding quality of representation in this case by Morgan's counsel supports the awarding of their customary fee.

Therefore, the Court finds that Morgan is entitled to reasonable attorneys' fees in the amount of $275 per hour. In addition, as Defendant has not objected to Morgan's claimed paralegal fees at the rate of $85 per hour, the Court finds that Morgan is entitled to reasonable paralegal fees at the rate of $85 per hour.

### Amount of Hours Claimed

■ Morgan claims 168.7 hours in attorney hours and 22.1 paralegal hours, and Defendant argues that various of these hours should be deducted from the lodestar calculation. In reviewing Morgan's time records, the Court is aware of its duty to exclude hours that are "not reasonably expended because they are excessive, redundant, or otherwise unnecessary."

*Van Gerwen,* 214 F.3d at 1045 (citation and quotation marks omitted).

### Time Related to the Dismissed Claims

While the parties argue at length about whether Morgan is entitled to be compensated for time incurred in pursuit of his dismissed claims, this Court believes that it is bound by the parties' Court-approved stipulation in which they agreed that each side would bear its own costs and fees regarding Morgan's claims for reimbursement for Defendant's failure to pay all covered medical expenses, and statutory penalties for Defendant's failure to provide plan documents. *See* Doc. # 56–60. Thus, any time related to these claims must be omitted from the fee award. In his reply brief, Morgan admits that .3 hours (8/15/02 entry) should be excluded as related to the dismissed counts. In addition, based upon its independent review of the record, the Court finds that 1.5 hours (10/2/00 entry); .2 hours (8/15/02 entry); 1.0 hour (8/17/01 entry); .6 hours (8/20/01 entry); 1.0 hour (8/23/01 entry); 1.3 hours (10/11/01 entries); .1 hour (11/1/01 entry); and .2 hours (11/14/01 entry) were all entries directly related to the dismissed claims. As such, any fees related to these claims is the responsibility of each party pursuant to the parties' stipulation. Furthermore, this Court refuses to exclude time related to Morgan's disclosure statements as that material was likely relevant to Defendant's reimbursement claim.

In addition, the Court will exclude 2.0 hours from the October 2, 2000 time entry as the reasonable amount of time expended in relation to the First Amended Complaint. The Court excludes this time because Morgan's First Amended Complaint merely added the counts that were ultimately dismissed by stipulation. Thus, the Court will deduct 8.2 hours from Morgan's request.

### Time Related to Other Pending Actions

 Defendant also objects to Morgan's request for fees incurred in litigation before other courts in Arkansas and New Mexico. Morgan contends that his counsel would have fallen below the standard of care if they had not tracked those other proceedings involving the same parties. Absent any authority to the contrary, the Court agrees with Defendant, and finds that it is limited to awarding fees to Morgan based upon litigation in this action. This Court's required analysis under § 1132(g)(1) requires this Court to look at the litigation in this case, not other litigated cases between the parties. Thus, this Court excludes .5 hours (9/11/00 entry); 1.1 hours (9/18/00 entry); .2 hours (9/20/00 entry); .2 hours (9/22/00 entry); .4 hours (9/27/00 entry); .5 hours (10/13/00 entry); .3 hours (10/18/00 entry); .6 hours (10/20/00 entry); .2 hours (10/23/00 entry); .2 hours (11/27/00 entry); and .3 hours (12/13/00 entry). In addition, the Court excludes any time related to the actions filed against Morgan's New Mexico counsel including: .1 hours (2/14/02 entry); .4 hours (3/28/02 entry); and .5 hours (5/10/02 entry). In addition, Morgan has combined some entries regarding this action and the actions against Morgan's New Mexico counsel. Accordingly, the Court will deduct fifty percent (50%) of the following time entries—1.6 hours (2/12/02 entry) and .4 hours (5/6/02 entry)—for a total of 1 hour. Thus, the Court will deduct an additional 6.5 hours from Morgan's request.

### Miscellaneous Entries & Objections

 In addition, it appears that Morgan's counsel excluded some of their time related to their attempts to overcome the late filing of their fee motion, but not all related time. Since this time was incurred as a result of counsel's own admitted errors, the Court excludes .2 hours (3/18/02 entry) and 2.1 hours (3/22/02 entry) for a total of an additional 2.3 hours.

 Furthermore, the Court finds that Morgan is entitled to his fees incurred in preparing his fee motion.

Accordingly, the Court has excluded 17 attorney hours (or $4,675) from Morgan's request. As such, the Court awards Morgan $43,596 in attorneys' fees.

### 3. Non-Taxable Costs

 Finally, Morgan has requested $667.10 in non-taxable costs. Defendant has objected and noted that Morgan has failed to comply with Local Rule 2.20(e)(3), Local Rules of Practice of the United States District Court in and for the District of Arizona. That rule provides in relevant part:

> In a separate portion of the itemized statement, identify each related non-taxable expense with particularity. Counsel should attach copies of applicable invoices, receipts and/or disbursement instruments. Failure to itemize and verify costs may result in their disallowance by the court.

Local Rule 2.20(e)(3). The Court agrees with Defendant that Morgan has failed to identify his non-taxable expenses with particularity and has failed to attach applicable invoices, receipts, and/or disbursement instruments. As such, this Court exercises its discretion and declines to award Morgan his non-taxable costs.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. # 75) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff is AWARDED $43,596.00 in attorneys' fees; and

3. The Clerk of the Court SHALL ENTER JUDGMENT accordingly.